GRAY *v.* DEPARTMENT OF CORRECTION, Etc., et al.
[No. 135, September Term, 1962.]

*Decided February 4, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Harold Buchman,* with whom were *Louis Salzman* and *Lawrence B. Coshnear* on the brief, for appellant.

*Charles R. Goldsborough, Jr., Special Attorney,* with whom were *Thomas B. Finan, Attorney General, J. Howard Holzer, Special Assistant Attorney General,* and *J. Raymond Buffington, Jr., Special Attorney,* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from the judgment of the Baltimore City Court, sitting without a jury, affirming the decision of the Workmen's Compensation Commission that the appellant did not sustain an accidental injury arising out of and in the course of his employment.

The sole question presented is whether the Workmen's Compensation Commission and the lower court, sitting without a jury, may discredit the testimony of the appellant, especially when such testimony was, in part, inconsistent with the version given previously by him and was disputed and controverted by two witnesses and a medical report, and when the appellant and the other two witnesses personally appeared before the Commission and the lower court, both of which saw and heard the witnesses and had the opportunity to observe their demeanor on the stand.

On June 30, 1959, appellant, an inmate, was working in the laundry at the Maryland Penitentiary. He testified that while carrying an armful of shirts down some steps, he fell and struck his face on the corner of a step or against a table at the bottom of the steps. There were no witnesses to a fall. Appellant was sent to the prison hospital by a guard, where he was examined, X-rayed, and sent back to his job. After approximately one-half hour, he was called back to the hospital, where he was confined for about two or three months. Examination of the appellant and the X-rays revealed that he had suffered a bilateral mandibular fracture (two fractures of the jaw bone, one on each side, opposite the other), plus injuries to his knees and forehead.

Appellant testified that he slipped either on soap powder or when his legs became entwined with a shirt. Preston Fitzberger, a custodial officer, testified for the appellees that appellant told him he had become faint due to the heat, walked to the doorway, had fainted and had fallen down the stairs. The medical report of the examining dentist stated that in his opinion,

> "since there were no lacerations of soft tissue in or about the mouth, and since the locations of the opposing fractures suggest a picture common to that produced by a fist blow, it seems likely that the injury was not sustained in a fall. However, I don't think it is possible to say, without a doubt, that he was not injured by a fall."

Appellant denied that he had been in a fight with another inmate. However, there was testimony by Russell Kohler, an-

other custodial officer on duty in the hospital, who testified that when Gray came into the hospital he was admitted to a ward but that he requested to be put in a room. He asked Gray why and he said, "Don't you know my case?" When Kohler answered in the negative Gray said, "Well, some people say that I am a girl," and so that was enough for him, he put him in a room. These womanlike traits of character attributed to him by his own admission and never refuted, coupled with the dentist's opinion as to the cause of his injuries, and his two inconsistent versions as to how he sustained his injuries, gave rise to an issue of fact which the Commission and the trial court had to resolve.

When a claimant has been denied compensation by the Commission, and appeals, on the appeal the decision of the Commission is deemed to be prima facie correct and the burden of proof is upon the party attacking it. Code (1957), Article 101, § 56; *Talley v. Department of Correction,* 230 Md. 22, 28, 185 A. 2d 352, 355; *Krell v. Md. Drydock Co.,* 184 Md. 428, 41 A. 2d 502. The facts of the *Talley* case, decided this term, are similar to the facts of this case. In that case, the appellant, also an inmate, claimed to have been injured in the course of his employment, but there were no witnesses to the actual fall resulting in the alleged injuries. There, Judge Prescott, speaking for this Court, stated at page 29:

> "In cases of this nature, we do not weigh and evaluate the conflicting evidence to determine its comparative value, but decide only whether there is any evidence legally sufficient, or a lack of evidence where a negative finding is made, to support the finding of the trier of facts; and in making this decision, we assume the truth of all the evidence, and of all favorable inferences fairly deducible therefrom, tending to support the conclusion of the trier of facts."

Judge Prendergast heard and observed the witnesses, particularly the appellant himself, and resolved the conflicting testimony adversely to appellant. He stated that he simply did not believe the testimony of the appellant and this was his prerogative. The trier of the facts may ordinarily believe or disbelieve

any witness and make his decision accordingly. *Bethlehem Shipyard v. Scherpenisse,* 187 Md. 375, 384, 50 A. 2d 256. In *Burleigh v. Miller,* 209 Md. 57, 68, 120 A. 2d 378, 382, this Court said:

> "Of course, where the trial judge actually has the opportunity to see the witnesses and observe their manner of testifying, his finding of facts from their testimony is not set aside by this Court on appeal unless such finding was clearly erroneous."

As stated by Judge Prendergast below, he considered the evidence and found considerable doubt that the accident occurred as appellant claimed. Contradictions in appellant's statements at the trial and at the time of the injury, plus the medical report, created these doubts.

In his opinion the trial judge stated that on the motion for a new trial, appellant argued that even if his testimony was not believed by the court below, he had sustained an injury which occurred in the place where his duties required him to be and, therefore, this circumstance is sufficient to spell out an accidental injury arising out of and in the course of his employment. This contention has no merit. Judge Prendergast recognized that he could draw any one of a hundred inferences, but the true cause of the injury could not be found due to a lack of credible and competent evidence. Among the possibilities there was a clear inference that appellant was injured as the result of a fight with another inmate, due to retaliation for a homosexual advance by Gray. This could not cause an injury arising out of and in the course of his employment just because he had been assigned to work in the laundry and associate with other prisoners. *Rice v. Revere Copper & Brass, Inc.,* 186 Md. 561, 48 A. 2d 166. See *Hill v. Liberty Motors,* 185 Md. 596, 45 A. 2d 467; and cases cited therein. This was just one of many inferences that could be drawn, and there was not sufficient evidence to overcome the presumption that the decision of the Commission was correct.

*Judgment affirmed, with costs.*