# PERKINS *v.* INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS, LOCAL UNION NO. 7

[No. 208, September Term, 1964.]

*Decided April 1, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Leonard S. Jacobson,* with whom was *Preston A. Pairo* on the brief, for appellant.

*Robert E. Cadigan* and *Alfred M. Porth* for appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from a judgment rendered May 28, 1964,

by Judge Sodaro in the Superior Court of Baltimore City, sitting without a jury. He affirmed the findings of the Workmen's Compensation Commission, which on July 26, 1963, passed an order adverse to appellant, Martin E. Perkins, Sr., disallowing his claim for compensation against his employer, International Union of Elevator Constructors, Local Union No. 7, appellee.

Since 1953 until the time when his claim arose, appellant was employed by appellee as its business representative. He opened the union office at 8 a.m. each morning, normally remained there until 9:30, during which time he received telephone calls from contractors or elevator construction companies who needed men to work on specific construction jobs. He then would contact the members of the union and assign them to these jobs. Later, after 9:30, he would proceed to the construction sites to visit the foreman and to see if the men he had assigned to that particular job were working. Perkins would travel from job to job checking on union members. Later in the afternoon he would return to the union office to receive telephone calls and to do the book work.

On March 29, 1960, the appellant returned to the union office at 2:15 p.m. to work on the records. After spending some time working on the books at his desk, he alleged that he arose, put his hands on the desk which slipped forward and he fell backward into his chair, experiencing a pain in his back. He went home and the next day contacted his family physician, Dr. Mueller, who rendered treatment. On April 8, appellant was admitted to a hospital where he remained for five days and returned to his employment on April 18. Several weeks after the accident, he completed in part a claim form for accident and health benefits and forwarded this claim to the Travelers Insurance Company. He also described the occurrence in a claim filed with the Workmen's Compensation Commission.

The appellant first contended that he sustained an accidental personal injury arising out of and in the course of his employment. He testified that his injury occurred when arising from the chair at his desk and that the desk slipped forward. However, this version of the accident was contradicted in several material aspects casting doubt on the accuracy of his testimony. Perkins not only admitted that the desk which slipped was "ma-

hogany" and "rather large" but also failed to mention anything regarding "slipping" in his claim originally filed with the Commission. There, the accident was described by him in the following words: "Sitting at desk—attempted to rise, pushing desk back, strained fifth vertebrae." Moreover, it is significant to note that in section 1 of a claim form completed and signed by appellant which was filed with the Travelers Insurance Company, he indicated that his disability was caused by "arising from chair at 2 P M on March 29-60." Dr. Mueller indicated in section 2 of this claim that the disability did not arise out of the patient's employment. Furthermore, a surgeon's certificate also completed in part by the appellant and forwarded to Travelers Insurance Company, described the accident as "arising from chair." Dr. Mueller again in that certificate indicated that the injury did not arise out of the patient's employment.

When a claimant has been denied compensation by the Commission, and appeals, on the appeal the decision of the Commission is deemed to be prima facie correct and the burden of proof is upon the party attacking it. *Gray v. Dep't of Correction*, 230 Md. 508, 187 A. 2d 860; *Talley v. Dept. of Correction*, 230 Md. 22, 185 A. 2d 352; *Krell v. Md. Drydock Co.*, 184 Md. 428, 41 A. 2d 502. If there is any evidence from which a rational conclusion to support the claim may be drawn the weight and value of that evidence must be left to the trier of the facts, and it is not the function of this Court to determine the comparative weight of conflicting evidence. We hold that there was sufficient evidence to support a rational conclusion that the appellant did not sustain an accidental personal injury arising out of and in the course of his employment. *Bethlehem Steel Co. v. Jones*, 222 Md. 54, 158 A. 2d 621.

Having reached the above determination it becomes unnecessary to discuss appellant's contentions that appellee was an employer within the meaning of the Act, and that he was engaged in extra hazardous employment.

*Judgment affirmed, with costs.*