PETER LISOWSKY *v.* ELI A. WHITE ET AL.

[No. 60, October Term, 1939.]

*Decided November 29th, 1939.*

The cause was argued before Bond, C. J., Offutt, Parke, Sloan, Mitchell, Shehan, Johnson, and Delaplaine, JJ.

*Paul Berman,* with whom were *Anthony Purcell* and *Theodore B. Berman* on the brief, for the appellant.

*Roszel C. Thomsen* and *J. Gilbert Prendergast,* for the appellees.

Shehan, J., delivered the opinion of the Court.

Peter Lisowsky, the appellant, filed a claim for compensation against White-Seidenmann Company, his employer, and American Mutual Liability Insurance Company, the insurer, for injuries sustained by him in the course of his employment. The first, second and third fingers of his left hand were required to be amputated in the middle of the second joint, and for compensation for such injuries he filed his claim under the Workmen's Compensation Law. The State Industrial Accident Commission awarded compensation to him, based upon permanent partial disability, consisting of two-thirds loss of his first, second and third fingers, respectively, and refused to base its findings on the loss of the use of a part of his hand. From this award there was an appeal by the claimant to the Court of Common Pleas of Baltimore City. The court, in granting the defendant's prayer, sustained the commission, and from this action, and the order in pursuance thereof, this appeal is taken.

The question in this case is a simple and narrow one, and is presented by the prayer of the employer and insurer. There being no dispute as to the facts, in view of the agreement entered into between the parties, the court was asked to rule, as a matter of law, upon the above contentions. This agreement states:

"The claimant has had his first, second and third fingers of his left hand amputated in the middle of the of the middle or second phalanx of each finger.

"He has sustained no injury to his thumb or little finger, and no injury to the rest of his hand or other part of his body.

"It is agreed that if the disability within the meaning of Section 36 of the Workmen's Compensation Law (Code Pub. Gen. Laws 1924, art. 101) should be measured by the loss of the phalanges of the fingers, he has sustained the loss of two-thirds of the first finger, the loss of two-thirds of the second finger, and the loss of two-thirds of the third finger; if the disability should be measured by the loss of use of part of the hand, the medical testimony shows that he has sustained a two-thirds loss of use of the left hand."

In view of this agreement a prayer was offered by the employer and insurer, and granted by the court, as follows: "The employer and insurer pray the court to rule as a matter of law, upon the facts stipulated in this case, that the disability of the claimant within the meaning of Section 36 of the Workmen's Compensation Law should be measured by the loss of the phalanges of the fingers, and therefore, the decision of the State Industrial Accident Commission should be affirmed."

The ruling of the court on this prayer presents the sole question for our consideration, that is, whether the compensation should be based on the proportionate loss of his hand or be limited to the compensation for the loss of the proportionate part of each finger. The lower court, in granting the prayer, affirmed the action of the State Industrial Accident Commission, accepted the latter contention, and made its award accordingly. The amount of the compensation is determined by applying to the loss or injury the schedules set forth in the Workmen's Compensation Law, sub-section 3 of section 36, article 101, of the Code of Public General Laws. This section also provides for compensation for the loss of the use of a hand, arm, foot, etc. There is no contention that these schedules

are not applicable. Therefore, we only have the question as to whether or not the court erred in construing the law as meaning that the sum of the loss with respect to the three fingers should be taken as the amount of compensation, or whether the partial permanent injury done to the use of the whole hand be the basis for compensation.

By the agreement entered into between the parties we are relieved from determining just what part of the use of the hand has been destroyed. The agreement states that the injuries sustained amount to two-thirds loss of the use of the left hand, provided this case is decided upon the basis of the loss to the hand, and not upon the aggregate loss occasioned by the amputation of the three fingers. The cases are somewhat at variance on this question, and no decision with respect to it is to be found in our own decided cases. The basis of the appellees' contention, in favor of the affirmance of the action of the court below, is to be found in that provision of the Workmen's Compensation Law, section 36, which provides that, "In all cases where there has been an amputation of a part of any member of the body herein specified, or the loss of the use of any part thereof, for which compensation is not specially provided herein, the Commission shall allow compensation for such proportion of the total number of weeks allowed for the amputation or the loss of the use of the entire member, as the affected or amputated portion thereof bears to the whole."

The appellees seriously, and with some reason, contend that compensation is specifically provided in the Act, as above quoted, for the loss of fingers or certain proportions thereof, and this provision, having been specifically made, must determine the question here, and the allowance to the claimant for compensation for each of the three fingers is the only method by which the provisions of the statute may be gratified. In support of his contention there are cited the cases of *Cox v. State Industrial Commission*, 140 Okl. 59, 282 P. 610; *Rockwell v. Lewis*, 168 App. Div. 674, 154 N. Y. S. 893; *Hill Grocery*

*Co. v. Ligon,* 231 Ala. 141, 164 So. 219; and the appellees undertake to distinguish the case of *Congoleum Nairn v. Brown,* 158 Md. 285, 148 A. 220, from the case at bar, and, while it is contended that this case is conclusive as to this appeal, we cannot so hold, although the expressions in the opinion do tend to support the contentions of the appellees. The case of *Jacobs v. Holden Leonard Co.,* recently decided by the Supreme Court of Vermont, 110 Vt. 245, 4 A. 2nd 343, is very nearly identical with this case, and the provisions of the Workmen's Compensation Law of Vermont are similar to our Compensation Law. In that case there was a loss of three fingers, and it was contended that the measure of compensation should be the aggregate compensation allowed for each of the three fingers. The Commission was of the opinion that the loss of the three fingers amounted to a forty-four per cent loss of the usefulness of the hand, and awarded compensation on that basis, and did not limit the compensation to a sum reached by adding the compensation provided for the loss of each of the fingers. The opinion seems to have been based largely upon *North Beck Mining Co. v. Industrial Commission,* 58 Utah 486, 200 P. 111, and *Lovalo v. Michigan Stamping Co.,* 202 Mich. 85, 167 N. W. 904. The higher element or measure of damage, or injury, in workmen's compensation cases, should be accorded to the injured person. Otherwise he would not received that adequate compensation for his injuries that is contemplated by law. In other words, if the loss, or injury, to the entire hand, is greater than that limited to the aggregate loss of the fingers, then it would seem but just that the higher measure of damage should be applied, because after all it is adequate compensation that the law seeks to accord. In *Rockwell v. Lewis,* 168 App. Div. 674, 154 N. Y. Supp. 893, which case is quoted in *Congoleum Nairn v. Brown, supra,* the court said, "Under Workmen's Compensation Law * * * making provision for payment of a definite sum for loss of each particular finger, and also providing that a permanent loss of the use of a hand shall be considered as

equivalent to its loss, where a servant received an injury which resulted in the complete loss of the index, second, and third fingers, and rendered the fourth finger stiff and practically useless, there was such a permanent loss of the use of the hand as rendered proper an award therefor," and this principle is approved in *Donohue v. McKaig-Hatch, Inc.*, 223 N. Y. 572, 119 N. E. 1038; *Berman v. Reliance Metal Spinning & Stamping Co.*, 187 App. Div. 816, 175 N. Y. Supp. 838. If there is a conflict in the Workmen's Compensation Law with respect to these questions of construction, it seems to us that this should be resolved in favor of the claimant, otherwise that part of the statute which vouchsafes to him a certain sum of money resulting from a definite injury sustained by him, as shown by established facts, would be nullified, and a construction giving to him a lesser sum would stand in its place. We can scarcely think the Legislature intended this to be. Therefore this permanent partial loss with respect to the usefulness of his whole hand should be given precedence over the aggregate loss to his three fingers, and for the further reason that the loss of three fingers occasions an injury greater than that measured by adding the loss of each finger. This combined loss does something more than a loss of fingers, for it occasions a loss to the usefulness of the entire hand. We therefore conclude that the prayer as granted by the lower court should have been refused, and the claimant should have recovered for the larger injury. There can be no doubt that the usefulness of the hand is greatly impaired by the loss of fingers, and that the separate injuries to the fingers is not a measure of the higher and more grievous loss with respect to the whole hand.

*Judgment reversed with costs, and case remanded for further proceedings.*