KING FURNITURE MANUFACTURING COM-
PANY, INC., ET AL. *v.* THOMPSON

[No. 88, September Term, 1967.]

*Decided February 9, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES, FINAN and SINGLEY, JJ.

*Robert J. Thieblot* and *Donald L. Allewalt,* with whom were *Allen, Thieblot & Hughes* and *Allewalt, Cullen & Gibbons* on the brief, for appellants.

*Livingston W. Yourtee* for appellee.

HORNEY, J., delivered the opinion of the Court.

The employer and insurer, claiming that the title to Chapter 322 of the Laws of 1965 (adding § 36(3a) to § 36(3) of Article 101 concerning the payment of compensation to a claimant "having a serious disability") did not properly describe what is in the body of the act, contends that the addition is unconstitutional.

The claimant (Albert Thompson) sustained an accidental injury arising out of and in the course of his employment and as a result suffered a hundred per cent loss of use of the right eye. At the time of the accident his average weekly wage was $80. Subsection (b) of § 36(3) stipulates that compensation for the loss of an eye shall be paid for a period of two hundred weeks. Subsection (a) of § 36(3) provides that a permanent partial disability (which includes the loss of an eye) shall be compensated at the rate of sixty-six and two-thirds per centum of the average weekly wages or a maximum of $25.00 per week. And subsection (3a) of § 36(3), providing that a person receiving an award of one hundred and seventy-five weeks or more shall be considered to have a serious disability, specifies that such person, in addition to the award under subsection (b) of § 36(3), shall automatically be entitled to an extra award of weeks equal to one-third the number of weeks theretofore awarded with the maximum increased to $40.00 per week. Had the compensation commission not been required to award

the claimant the extra number of weeks at the increased maximum, the award of compensation would have been $5000, but under the added subsection (3a) the award of compensation computed to the nearest number of weeks at the maximum of $40 per week amounts to $10,680.

Specifically, the employer and insurer (King Furniture Manufacturing Company and Pennsylvania National Mutual Casualty Company), contend: (i) that the title of the act is misleading in derogation of § 29 of Article III of the Constitution of Maryland; (ii) that the act violates Article 20 of the Declaration of Rights in that it sets up an irrebuttable presumption of fact that the claimant had a "serious disability"; and (iii) that the act constitutes an arbitrary classification in violation of Article 23 of the Declaration of Rights and the due process clause of the 14th Amendment to the Constitution of the United States. All are without merit.

### (i)

The first contention is based on the premise that the title is misleading, or rather deceptive, in that it purports to create new categories or classifications of the seriously disabled but does not expressly define the term "serious disability" in the body of the act.

One of the relevant provisions of § 29 of Article III of the state constitution requires that "every Law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title." Another provision states that no law shall "be construed by reason of its title, to grant powers, or confer rights which are not expressly contained in the body of the Act."

The title in controversy reads—

> "An Act to add new Sections 36(3a) and 36(4a) to Article 101 * * * amending the Workmen's Compensation Laws concerning benefits payable to certain persons suffering a permanent partial disability under these laws, in order to create certain new categories of persons having a serious disability, and relating generally to the Workmen's Compensation benefits of, and the conditions under which payable to, persons

having a 'serious disability' under the workmen's compensation laws."

As it is conceded that the General Assembly could have increased the compensation for the scheduled disabilities set forth in subsections (a) and (b) of § 36(3) by repeal and reenactment, the only part of the body of § 36(3a) which is material in this case merely states that "[a] person who receives under subsection (3) of this section an award for a period of one hundred and seventy-five weeks or more is thereby considered to have a serious disability."

It is severally argued that although the title creates a new classification of "serious disability," the right to be included within the class is not expressly contained in the body of the act; that the title indicates that the body of the act would set up a standard for and define what constitutes a "serious disability" but all that it does is provide additional compensation for certain disabilities previously scheduled in another section; and, finally, that the constitutional infirmity lies in the fact that the new classification is not adequately defined as the title implies it would be. We disagree.

As we read it, the title of the act states in effect that the compensation laws concerning benefits payable to certain persons suffering permanent partial disability were being amended in order to create a new category of those persons having a serious disability and to provide for the payment, and the conditions under which payable, of compensation benefits to such seriously disabled persons, and the body of the act explicitly provides that persons receiving an award of one hundred and seventy-five weeks or more are "considered to have a serious disability." While it might have been less confusing had the General Assembly repealed and reenacted § 36(3) to include the substance of § 36(3a), it is difficult to see how anyone could be deceived or misled as to the meaning and effect of subsection (3a) or why the term "serious disability" should have been defined.

The title in controversy, in stating that the purpose of the addition was to "create certain new categories of persons having a serious disability, and relating generally to the * * * [compensation] benefits of, and the conditions under which payable

to" seriously disabled persons, *fairly* described what was in the body of the act. *Baltimore Transit Co. v. MTA,* 232 Md. 509, 194 A. 2d 643 (1963) ; *Leonardo v. County Commissioners of St. Mary's County,* 214 Md. 287, 134 A. 2d 284 (1957). Moreover, the title was sufficient to inform the legislators and public of the general nature of the subject matter of the act and this was all that was necessary. *Jacobs v. Klawans,* 225 Md. 147, 169 A. 2d 677 (1961) ; *Bell v. County Commissioners of Prince George's County,* 195 Md. 21, 72 A. 2d 746 (1950) ; *Neuenschwander v. W.S.S.C.,* 187 Md. 67, 48 A. 2d 593 (1946). Clearly, there was nothing in the body of the act which was foreign to the subject matter described in the title. *Warren v. Board of Appeals of Department of Employment Security,* 226 Md. 1, 172 A. 2d 124 (1961) ; *Scharf v. Tasker,* 73 Md. 378, 21 Atl. 56 (1891).

The addition to § 36(3) was certainly not intended to set up a new classification for persons suffering a "permanent partial disability." Rather, what the Legislature did was to provide that an injured person who was entitled to compensation for one hundred seventy-five weeks or more for some of the scheduled disabilities stipulated in § 36(3) should thereafter be considered to have a "serious disability" and as a consequence eligible for an extra award of weeks (in addition to the original award) compensable at a higher rate for the total number of weeks awarded.

Even if the title indicates that the body of the act would set forth a standard as to what constitutes a "serious disability," it does so by stating that a specific award under another section would be considered to be such a disability.

(ii)

A number of related claims form the basis of the second contention that the act set up an irrebuttable presumption of fact that violates Article 20 of the Declaration of Rights. Among other things, it is claimed that no evidence is permitted on the ultimate issue of fact of whether a disability is serious and that since disability is determined by reference to the extent of the disability rather than its seriousness, it makes evidence conclusive which is not so by nature and inherent force. In support of this proposition the employer and insurer cite only

*Mahoney v. Byers,* 187 Md. 81, 48 A. 2d 600 (1946), but that case is distinguishable from this in that *there* the racing commission lacked power to adopt a rule substituting an irrebuttable presumption for facts, whereas *here,* the authorization of the compensation commission to increase the benefits payable to a claimant was a valid exercise of the legislative prerogative.

Article 20 states "[t]hat the trial of facts, where they arise, is one of the greatest securities of the lives, liberties and estate of the People," but this right was in nowise impaired by the creation of an additional classification in the compensation law increasing the payment of benefits to those who come within the category of the seriously disabled. Had the provisions of § 36(3a) been incorporated into § 36(3) by repeal and reenactment, it is probable—indeed it seems to have been conceded—that this contention may not have arisen. But be that as it may, it is clear that the Legislature intended to increase the benefits of those receiving an award of one hundred and seventy-five weeks or more under § 36(3) and that it considered those entitled thereto as being in a category it chose to designate as a "serious disability." The Legislature did not intend a separate determination of seriousness, but rather to include in the "serious disability" category those who were awarded one hundred and seventy-five weeks or more for certain stipulated injuries. Obviously no irrebuttable presumption of fact was involved.

Since it was not necessary for the Legislature to define "serious disability," no procedural formula as to what constituted that term (other than reference to the categories specified in subsection 3 of § 36) was required. The adjective "serious" as used in § 36(3a) means "grievous," *i.e.,* characterized by pain and suffering, but it has no technical meaning and should be considered only in its ordinary sense. *Newell v. Moreau,* 55 A. 2d 476 (N. H. 1947) ; *Cf. State v. Ortega,* 422 P. 2d 353 (N. M. 1966). As used in compensation law, "serious" connotes no more than that the disability partakes of permanency. *Vick v. Springs Cotton Mills,* 40 S. E. 2d 409 (S. C. 1946).

The finding of the compensation commission is subject to review by the courts. Code (1957), Art. 101, § 56(a) ; *Abell v. Goetze, Inc.,* 245 Md. 433, 226 A. 2d 253 (1967). At the de novo hearing the employer would have the right to introduce

evidence, if it has any, showing that the claimant is not covered by the compensation law or that he did not belong in the category of the seriously disabled by showing that he was not entitled to an award of one hundred and seventy-five weeks or more.

Furthermore, the term "serious disability" fits into the general scheme of workmen's compensation laws. Such laws are a form of social legislation which impose liability without fault upon employers but limit the amount of compensation that can be awarded to an injured employee. *Solvuca v. Ryan & Reilly Co.,* 131 Md. 265, 101 Atl. 710 (1917). The act in question provides for increased benefits to those in the new category. The issues to be proven—statutory liability and extent of injury—are the same as those which exist outside of the addition to § 36(3).

### (iii)

The third contention that the act violated the respective due process clauses of the state and federal Constitutions is not based on the fact that the Legislature could not have created a new category and compensated the recipients differently from other persons suffering a permanent partial disability but on the claim that the method chosen for determining who is to be included within the category is unreasonable.

Since compensation laws like other laws are presumed to be constitutional and are construed in such way as will carry out the objectives of their enactment, the burden of showing the unreasonableness of a classification is on the party attacking it. *Celanese Corporation v. Davis,* 186 Md. 463, 47 A. 2d 379 (1946). If there are no facts to sustain the objector, the classification must be upheld. Cf. *Allied American Mutual Fire Ins. Co. v. Commissioner of Motor Vehicles,* 219 Md. 607, 150 A. 2d 421 (1959). We cannot say that the categorization of the loss of an eye as a "serious disability" was irrational. Such matters are committed to the judgment of the makers, not the interpreters, of the law.

*Judgment affirmed; appellants to pay the costs.*