BARNES *v.* EZRINE TIRE COMPANY AND
STATE ACCIDENT FUND

[No. 191, September Term, 1967.]

*Decided April 30, 1968.*

*Motion for rehearing filed May 4, 1968; denied May 9, 1968 and opinion modified.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES, McWILLIAMS and SINGLEY, JJ.

*Millard Esterson,* with whom was *Abraham Levin* on the brief, for appellant.

*Charles R. Goldsborough, Jr., Special Attorney,* with whom were *Francis B. Burch, Attorney General,* and *J. Howard Holzer, Special Attorney,* on the brief, for appellees.

HORNEY, J., delivered the opinion of the Court.

This appeal is the latest in a trilogy of cases concerning the "serious disability" provisions of the Workmen's Compensation Law enacted by Chapter 322 of the Laws of 1965 codified as subsections 3a and 4a of § 36 of Article 101 of the Code (1967 Cum. Supp.). In *King Furniture Manufacturing Co. v. Thompson,* 248 Md. 682, 238 A. 2d 231 (1968), we sustained the constitutionality of the added provisions. Prior thereto, in *Consolidated Engineering Co. v. Cooper,* 246 Md. 610, 228 A. 2d 823 (1967), we had held that subsections 36(3) and 36(3a) should be read together and that one award was to be made under both 3 and 3a. In this case, the question is whether an award of disability under 36(4), concerning *other cases,* may be combined with an award under 36(3), concerning *specific injuries,* so as to bring both awards within the purview of the *serious disability* provisions of 36(4a) and 36(3a). We think not.

Subsection 36(3) sets out a schedule of benefits and the "weeks" of compensation for *specific injuries* resulting in per-

manent partial disability. Subsection 36(4) provides (1) that all *other cases* of permanent partial disability are to be determined from the percentage by which the industrial use of the body is impaired as a result of the injury and (2) for the awarding of compensation in such proportion as the determined loss bears to the sum of $12,500. Under both subsections the award is payable at a maximum weekly rate of $25. Subsections 3a and 4a created new categories of persons having a serious disability and provided for an increased rate and amount of compensation for those persons coming within the categories. Subsections 3a and 4a state in pertinent part—

"(3a) [Permanent partial disability—Specific injuries]—Serious disability.—A person who receives under subsection (3) of this section an award for a period of one hundred and seventy-five weeks or more is thereby considered to have a serious disability. He automatically shall be entitled to (in addition to the award under subsection (3)) an extra award of a number of weeks equal to one third (computed to the nearest whole number) of the number of weeks awarded under subsection (3); and the award of compensation to him in no case shall exceed forty dollars per week; and as to him the maximum limitation of $12,500 shall not apply. * * *."

\* \* \*

"(4a) [Permanent partial disability—Other cases]—Serious disability.—A person who receives under subsection (4) of this section an award equal in total to forty per centum or more of $12,500 is thereby considered to have a serious disability. He automatically shall be entitled to (in addition to the award under subsection (4)) an extra award of a number of weeks equal to one third (computed to the nearest whole number) of the number of weeks awarded under subsection (4); and the award of compensation to him in no case shall exceed forty dollars per week; and as to him the maximum limitation of $12,500 shall not apply. * * *."

The relevant facts are not in dispute. As the result of an accident on November 29, 1965, arising out of and in the course of his employment, the claimant (John D. Barnes) suffered an injury to his right eye, back and right shoulder. On October 18, 1966, the Workmen's Compensation Commission, having found that he "sustained a permanent partial disability [under 36(3) 'Specific Injuries'] resulting in 100% loss of vision in his right eye, and a permanent partial disability under [36(4)] 'Other Cases' amounting to 30% industrial loss of use of his body as a result of the injury to his back and his right shoulder, * * * [making] a total of 350 weeks of compensation due"; and that "under section 36, subsection (3[a]) and (4[a]) of Article 101, the claimant has a serious disability and is, therefore, entitled to 467 weeks of compensation at the rate of $40 per week," ordered the employer (Ezrine Tire Company) and insurer (State Accident Fund) to pay the claimant "compensation for permanent partial disability at the rate of $40.00, payable weekly, for a period of 267 weeks for the [right] eye, and further compensation for permanent partial disability for a period of 200 weeks, not to exceed the sum of $8,000.00 allowable under 'other cases' for the back and right shoulder and an emotional disturbance."

As is apparent, the commission added the 200 weeks provided for in § 36(3) to the 150 weeks allowed in 36(4)—30% of $12,500 at $25 a week—for a total of 350 weeks of compensation. The injury of an eye under 36(3) qualified as a serious disability under 36(3a) independently of the injuries to the back and shoulder under 36(4) but the conclusion of the commission that 3a and 4a had to be read together had the effect of awarding the claimant a total of 467 weeks.

The employer and insurer appealed the decision of the commission to the Baltimore City Court. That court (Cullen, J.), on the motion of the appellant for summary judgment, found that 36(3) and 36(4) provide "separate and distinct disabilities which become 'serious disabilities' only when their respective subsections (*i.e.*, 3a and 4a) are complied with" and ruled that "the two [serious] disability sections cannot be merged to-

gether * * * so as to effectuate an award for serious disability for 'other cases' under the facts of this particular case." [1]

On the appeal to this Court, the claimant, in effect, contends that since he suffered multiple injuries as the result of a single accident, it was proper for the accident commission to consider his injuries as a whole and allow him compensation for 350 weeks which would satisfy both 36(3a), which requires 175 weeks or more, and 36(4a), which requires 200 weeks or more, and thereby increase the total compensation to 467 weeks. The employer and insurer, on the contrary, contend that the respective disabilities under 36(3) and 36(4) have to separately qualify as serious disabilities under 3a and 4a and that since the claimant received an award of only 150 weeks under 36(4) he was not entitled to a serious disability under 36(4a).

In support of his contention, the claimant argues that it was necessary for the legislature, when it decided to increase compensation, to enact separate subsections because of the manner in which 36(3) listing specific injuries, and 36(4), providing a percentage coverage for other injuries, were drawn; that to follow the reasoning of the employer and insurer would require separate awards; and that when there is a conflict or ambiguity in the compensation law it should be resolved in favor of the claimant.

It is true, as the claimant maintains, that where there is ambiguity in the compensation law, the uncertainty should be resolved in favor of the claimant, but that rule does not apply where, as here, there is no conflict and the intent of the legislature is clear. *Howard Contracting Co. v. Yeager,* 184 Md.

---

1. Four other *nisi prius* judges reached similar conclusions. See Thompson v. Ned Bord in the Superior Court of Baltimore City, Case No. 103447, decided by Judge Byrnes 4.21.67; Roberson v. Chillum Sheet Metal Inc. in the Circuit Court for Prince George's County, Law No. 30992, decided by Judge Parker 9.27.67; Mitchell v. Beard in the Court of Common Pleas of Baltimore City, File No. 13995, and Lawrence v. Pride of Baltimore Lodge in the Baltimore City Court, Case No. 6-070465, decided by Judge Sklar 11.29.67 and 1.22.68, respectively; and C. J. Langenfelder and Son v. Evans in the Circuit Court for Baltimore County, Case No. 66773, decided by Judge Menchine 12.8.67.

503, 41 A. 2d 494 (1945). See also *Erie Insurance Exchange v. Gosnell*, 246 Md. 724, 230 A. 2d 467 (1967). The arguments made by the claimant fly in the face of the legislative intent. Chapter 322 was enacted "to create certain *new categories* [emphasis ours] of persons having a serious disability." Subsection 3a sets forth the conditions necessary for an injury to qualify as a serious disability under 36(3) relating to specific injuries. Likewise, subsection 4a sets forth the conditions necessary to qualify as a serious disability under 36(4) concerning other injuries. In so doing, the legislature *intentionally* created two new categories. Had the legislature intended that 3a and 4a should be read together, it undoubtedly would have enacted only one additional subsection to § 36 with regard to serious disabilities. Furthermore, the qualifying conditions under 36(3a) and 36(4a) are not identical. In order for a claimant to qualify for a serious disability award under 3a, he must have been awarded compensation for 175 weeks or more under 36(3). And in order for him to qualify under 4a, the claimant must have been awarded compensation for 200 weeks or more (*i.e.*, an award equal to 40% or more of $12,500 at $25 a week). There is therefore no basis for combining a nonqualifying award under one subsection with a qualifying award under the other subsection so as to make both of them qualify. We have heretofore held that injuries not specifically named should be treated independently from those which are specifically named. *Coca-Cola Bottling Works v. Lilly*, 154 Md. 239, 140 Atl. 215 (1928). For the same reason, 36(4a) should likewise be separately considered. Indeed a different construction would create an ambiguity instead of removing it as the claimant contends. Suppose, for example, an award of 50 weeks for a specific injury is made under 36(3), which does not qualify as a serious disability under 36(3a), and an award of 125 weeks for other injuries is made under 36(4), which does not qualify under 36(4a), could be added together, the claimant would have then 175 weeks of disability entitling him to a serious disability award under 36(3a), but this would be in direct conflict with both 36(3a), requiring 175 weeks of disability for a specific injury, and 36(4a), requiring 200 weeks of disability for other injuries. Since a given number of unqualifying weeks when

added to another given number of unqualifying weeks can never equal the required number of qualifying weeks, it is just as certain that unqualifying weeks cannot be added to qualifying weeks to make the required total of qualifying weeks.

We hold (1) that the claimant, who suffered a 100% loss of vision in one eye, which carried a disability award of 200 weeks under 36(3), qualified him for an additional award of 67 weeks for a serious disability under 36(3a) and (2) that the claimant, who also sustained injuries to his back and a shoulder, entitling him to a disability award of 150 weeks under 36(4), did not qualify him for a serious disability award under 36(4a). The result of our holding is that the claimant is entitled to compensation for 267 weeks at $40 per week and is entitled to compensation for 150 weeks at $25 per week.

> *Order of lower court (affirming in part and reversing in part order of Workmen's Compensation Commission) affirmed; appellant to pay the costs.*