IVA B. SYMONS *v.* R. D. GRIER & SONS
COMPANY ET AL.

[No. 249, September Term, 1970.]

*Decided December 7, 1970.*

The cause was argued before ORTH, THOMPSON, and POWERS, JJ.

*Walter C. Anderson* for appellant.

*D. William Simpson* for appellee.

THOMPSON, J., delivered the opinion of the Court.

The only substantial question presented in this appeal is the construction of the apportionment section of the Workmen's Compensation Law, Md. Code, Art. 101, § 36 (7) which provides as follows:

> "Apportionment of permanent disability due in part to pre-existing disease or infirmity. — Whenever it shall appear that any permanent disability from which an employee is suffering following an accidental injury, is due in part to such injury, and in part to a pre-existing disease or infirmity, the Commission shall determine the proportion of such disability which is reasonably attributable to the pre-existing disease or infirmity, and such employee shall be entitled to compensation for that proportion of his disability which is reasonably attributable solely to the accident and shall not be entitled to compensation for that proportion of his disability which is reasonably attributable to the pre-existing disease or infirmity. This subsection shall not apply to temporary total and temporary partial

disability. This subsection shall not apply where the combined effects resulting from a previous impairment, as defined in § 66 (1), and a subsequent accidental injury result in a permanent disability exceeding fifty per centum (50%) of the body as a whole."

The Workmen's Compensation Commission, without giving reasons, held this section inapplicable to the instant claim. The trial court held this section did apply and remanded the case to the Commission for a determination of the proper application of the statute. The facts are not in dispute and were stipulated.

The accident from which the claim arose occurred on June 21, 1968. The claimant, William C. Symons, dropped a piece of steel on his right foot. At the time of the accident, he was suffering from a pre-existing disease, arteriosclerotic cardiovascular disease, but without suffering any previous loss of the use of his right leg. Due to the combination of the pre-existing disease and the accidental injury of June 21, 1968, his right leg was amputated above the knee and he suffered a permanent disability amounting to 100% loss of the right leg due to the amputation. One-third of the claimant's disability was reasonably attributable to the accidental injury in question and two-thirds of his permanent disability was reasonably attributable to the pre-existing disease. While the case was pending before the Commission, the claimant died; however, the medical testimony did not relate the cause of death to the accident.

## I

Appellant argues on appeal that the decision of the Commission is *prima facie* correct and the burden of proof is upon the party attacking it, citing Md. Code, Art. 101, § 56 (c), *Krell v. Maryland Drydock Co.*, 184 Md. 428, 41 A. 2d 502, *Perkins v. International Union*, 238 Md. 221, 208 A. 2d 372. While the principle stated is true, it has no application where the question is one of law instead of fact. See *Bethlehem Steel Co. v. Munday*, 212 Md.

214, 129 A. 2d 162 and *Barnes v. Myers,* 163 Md. 206, 161 A. 279.

It is argued that if there is a conflict with respect to construction of the act, the conflict should be resolved in favor of the claimant, citing *Lisowsky v. White,* 177 Md. 377, 9 A. 2d 599, *Kraushar v. Cummins Construction Corp.,* 180 Md. 486, 25 A. 2d 439. This contention overlooks the opinion of the Court of Appeals in *Barnes v. Ezrine Tire Co.,* 249 Md. 557, 561, 241 A. 2d 392 wherein the Court said:

> "It is true, as the claimant maintains, that where there is ambiguity in the compensation law, the uncertainty should be resolved in favor of the claimant, but that rule does not apply where, as here, there is no conflict and the intent of the legislature is clear."

It is further argued the settled construction of the Workmen's Compensation Commission is entitled to great weight with the Court citing *Savage Mfg. Co. v. Magne,* 154 Md. 46, 139 A. 570, *Congoleum Nairn v. Brown,* 158 Md. 285, 148 A. 220, and *Townsend v. Bethlehem-Fairfield Shipyard,* 186 Md. 406, 47 A. 2d 365. The settled construction of the Commission was not established in the record nor conceded by counsel either here or below. Thus, it has never been established in this case that a settled construction is involved.

However, in his opinion the trial judge did state he was aware of a settled construction, but held that even a settled construction could not overcome such clear language in the statute. This Court agrees with the trial judge, based on the principles hereinbefore mentioned, even if the construction were established in the record.

Appellant contends there is a distinction between a partial loss of a member and 100% loss thereof, citing *Paul v. Glidden Co.,* 184 Md. 114, 39 A. 2d 544. In that case the Court referred to the concession made by counsel that appellee would have to pay 100% for a hand in the event of a total loss. Obviously, the court's quotation

of the concession of counsel made during argument is not intended to state the law and the case provides absolutely no support for any distinction between 100% loss and a lesser loss of the use of a member. The clear language of the statute certainly makes no distinction, and this Court sees no reason to make one.

## II

The crux of the appellant's argument, however, is since the employer did not procure, prior to the injury, a waiver of the pre-existing illness it is estopped to assert the application of the apportionment section quoted above. He bases his claim on Md. Code, Art. 101, § 36 (1) (b) which provides as follows:

> "Whenever any person who has suffered the loss, or loss of use of a hand, arm, foot, leg or eye, shall enter into a contract of employment, it shall be permissible for the employee to waive in writing, either in the contract of employment, or by a separate written instrument, any right to compensation to which he would be entitled because of the pre-existing permanent partial disability, in the event of subsequent accidental injury, and in such cases the employee so suffering an additional accidental injury, shall be entitled to the compensation for the disability resulting solely from such additional accidental injury. No such waiver shall be effective unless the pre-existing permanent partial disability shall be plainly described therein, nor unless the same be executed by the employee with knowledge of its contents prior to the time of the accident upon which the claim is based." [1]

1. Chapter 721 of the Laws of Maryland, 1969, General Assembly added the following language to Section 36 (1) (b):
"In the absence of any waiver of pre-existing permanent partial disability, the Commission in determining any case involving a subsequent accidental injury shall apportion and make award only for the permanent disability caused by the subsequent accidental injury."
It is unnecessary for us to construe this somewhat unusual

Appellant relies upon *Bata Shoe Co. v. Chvojan,* 188 Md. 153, 52 A. 2d 105, *Paul v. Glidden Co., supra,* and *Kraushar v. Cummins Construction Corp., supra.* As appellee points out, however, the first two named cases involve loss of fingers in a prior injury and in the third case the appellant had lost 95% of his vision prior to the accident in question. Appellee alleges, and we agree, the plain language of the statute refers to loss of, or loss of use of a member. In the instant case, although there was a pre-existing illness, the claimant had suffered no loss of use or no loss of any member prior to the injury herein; therefore, the statute is not applicable. Although the question has not been decided in Maryland, the result reached here was foreshadowed by the language of *Paul v. Glidden Co., supra,* 184 Md. at 119 where the Court said:

> "It is reasonable to suppose that the Legislature intended to give an employer an opportunity to protect himself in those cases where the disability was apparent. If he did not, then he would have to pay compensation without respect to pre-existing loss or loss off [sic] use. In other cases, where disability due to pre-existing disease or infirmity is not apparent, the employer is protected by the apportioning clause. When the Legislature said that if the waiver was made 'the employee so suffering an additional accidental injury shall be entitled to the compensation for the disability resulting solely from such additional accidental injury.' It would seem a necessary corollary that if the waiver were not obtained, the employee would be entitled to compensation for his entire disability. There seems to us no difficulty in construing the two sections together in this way."

Thus, this Court holds the waiver provision applies only to "apparent" disabilities, *i.e.,* those that are ascertain-

---

language since the injury in the instant case occurred on June 21, 1968, and the amendment became effective July 1, 1969.

able by visual observation of the employee and his actions. Since it has been established that appellant had no such apparent disability, he does not come within the waiver provision.

We have been unable to locate cases from other jurisdictions that could have aided in the construction of the waiver provision, probably because as indicated in *Paul v. Glidden Co., supra,* at 118 the provision is rare, if not unique to the Maryland law.

Although our construction does mean that an employee who suffered no apparent loss of use prior to the accident in question cannot recover for a portion of his disability this construction is dictated by clear statutory language and can be changed only by the legislature. Of course, the statute is limited by its language to permanent disabilities and does not affect temporary disabilities.

### III

Appellant contends that since under Section 36 (3) the compensation for the loss of the use of a leg amounts to $6300. which exceeds compensation of $6250. provided in Section 36 (4) for disability equal to 50% of the body as a whole, this case should come within the exception set out in Section 36 (7) providing that that section should not apply for the previous impairment if the subsequent injury exceeds 50% of the body as a whole. The calculation of $6300. by the appellant depends upon the wages of the claimant. We do not think that the legislature intended that the exception should apply, or not apply, based upon the average weekly wage of the particular employee involved.

### IV

Finally, the appellant contends he should have been allowed to produce testimony showing the percentage of disability solely due to the accident as well as any causal connection between the accident and the death. No such issue was presented to the trial judge and, therefore, the question is not before us. Maryland Rule 1085.

*Judgment affirmed.*
*Appellee to pay costs.*