VELMA E. CARTER *v.* ALLEN, SON & COMPANY, INC. ET AL.

[No. 126, September Term, 1975.]

*Decided November 4, 1975.*

The cause was argued before MOYLAN, MENCHINE and LOWE, JJ.

*Bernard Brager* for appellant.

*Raymond A. Richards,* with whom were *Rollins, Smalkin, Weston, Richards & Mackie* on the brief, for appellees.

MENCHINE, J., delivered the opinion of the Court.

Velma E. Carter (claimant) and Allen, Son & Company, Inc. and Casualty Reciprocal Exchange (employer and insurer) agree that claimant sustained an accidental injury arising out of and in the course of her employment, and that she sustained a permanent partial disability of 50% industrial loss of use of her body under § 36 (4) of Article 101 of the Annotated Code of Maryland, and thereby became entitled to the compensation benefits provided by that subsection of the compensation law.[1] They agree also that the extent of her permanent partial disability entitles her as well to the additional compensation benefits provided by § 36 (4a) for "serious disability" as the same was enacted by Ch. 446 of the Acts of 1970.[2] That subsection as thus enacted reads as follows:

> "(4a) — *Serious disability.* — A person who, from one accident, receives an award of compensation for a period of two hundred and fifty (250) weeks or more under subsections (3) or (4) or a combination of both, is thereby considered to have a serious disability; except any award for disfigurement or mutilation under subsection (3)(f) of this section shall not be considered in the determination of a

---

1. At the time of the accidental injury in the subject case § 36(4) provided in pertinent part that " * * * the commission shall determine the portion or percentage by which the industrial use of the employee's body was impaired as a result of the injury * * * and shall award compensation in such proportion as the determined loss bears to the sum of $17,500.00, the said compensation to be paid weekly * * * in no case to exceed thirty five dollars per week * * *." (Ch. 446 Acts 1970)

2. We note that § 36 (4a) as enacted by Ch. 446 of the Acts of 1970 was amended by Ch. 639 of the Acts of 1975. We have given no consideration to the meaning and effect, if any, of the latter amendment on the issue confronting us, since the subject case is controlled solely by the 1970 enactment. *See* Zebron v. American Oil Co., 10 Md. App. 308, 270 A. 2d 339 (1970).

serious disability. The weeks for such award shall be increased by one third (computed to the nearest whole number); and the compensation shall be for sixty-six and two-thirds per centum of the average weekly wages, in no case to exceed sixty-five dollars ($65.00) per week and not less than a minimum of twenty-five dollars per week unless the employee's established weekly wages are less than twenty-five dollars per week at the time of the injury, in which event he shall receive compensation equal to his full wages. This subsection, to the extent of any inconsistency, prevails over subsection [subsections] (3) and (4); but otherwise subsections (3) and (4) apply to persons covered by this subsection. Provided, however, that any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of compensation previously awarded and actually paid."

Here their agreement ends.

Under the recited agreed circumstances the Workmen's Compensation Commission (commission) passed its award requiring employer and insurer to "pay compensation for permanent partial disability at the rate of $58.67 payable weekly * * * not to exceed the sum of $21,645.00." Employer and insurer appealed to the Superior Court of Baltimore City. On that appeal, employer and insurer sought and were granted summary judgment by which the award of the commission was corrected, requiring employer and insurer to "pay compensation for permanent partial disability at the rate of $58.67, payable weekly * * * not to exceed the sum of $19,537.11." Claimant has appealed to this Court.

It will be observed that the sole difference between the commission's award and the trial court's corrected award is the amount of the *ultimate sum* payable to claimant, *i.e.,* $21,645.00 by the commission; $19,537.11 by the trial court.

Resolution of the dispute requires determination of the meaning and effect of Article 101, § 36 (4a), *supra,* as that

subsection was enacted in 1970. Examination of the legislative and judicial background of the subsection will aid in its interpretation. Ch. 446 of the Acts of 1970, by which the new § 36 (4a) was enacted, also had repealed former § 36 (3a) and § 36 (4a) of Article 101 as the same initially had introduced the "serious disability" [3] benefit as a totally new concept [4] of workmen's compensation, the constitutionality of which has been recognized.[5]

There can be no doubt of the legislative intent in the passage of the 1970 legislation whereby § 36 (3a) and § 36 (4a) were repealed and the new § 36 (4a) enacted. The former subsections by which the new concept of "serious disability" had been initiated, had become the subject of litigation culminating in the decision in *Barnes v. Ezrine Tire Co.*, 249 Md. 557, 241 A. 2d 392 (1967). In *Barnes*, an injured workman contended that the two subsections must be given cumulative effect even though the disability under one of

---

**3.** Introduced into Workmen's Compensation Law by Ch. 322 of the Acts of 1965 as § 36 (3a) and § 36 (4a) of Article 101 of the Annotated Code of Maryland, the subsections then read as follows:

"(3a) [Permanent partial disability — Specific injuries] — Serious disability. — A person who receives under subsection (3) of this section an award for a period of one hundred and seventy-five weeks or more is thereby considered to have a serious disability. He automatically shall be entitled to (in addition to the award under subsection (3)) an extra award of a number of weeks equal to one third (computed to the nearest whole number) of the number of weeks awarded under subsection (3); and the award of compensation to him in no case shall exceed forty dollars per week; and as to him the maximum limitation of $12,500 shall not apply. * * *."

* * *

"(4a) [Permanent partial disability — Other cases] — Serious disability. — A person who receives under subsection (4) of this section an award equal in total to forty per centum or more of $12,500 is thereby considered to have a serious disability. He automatically shall be entitled to (in addition to the award under subsection (4)) an extra award of a number of weeks equal to one third (computed to the nearest whole number) of the number of weeks awarded under subsection (4); and the award of compensation to him in no case shall exceed forty dollars per week; and as to him the maximum limitation of $12,500 shall not apply."

**4.** Consolidated Engineering Co. v. Cooper, 246 Md. 610, n. 1, 228 A. 2d 823, n. 1. (1966).

**5.** King Furniture Co. v. Thompson, 248 Md. 682, 238 A. 2d 231 (1967).

them did not, standing alone, qualify independently for the allowance of "serious disability" benefits. The contention was rejected, the Court saying at 562 [395]:

> "The arguments made by the claimant fly in the face of the legislative intent. Chapter 322 was enacted 'to create certain *new categories* [emphasis ours] of persons having a serious disability.' Subsection 3a sets forth the conditions necessary for an injury to qualify as a serious disability under 36 (3) relating to specific injuries. Likewise, subsection 4a sets forth the conditions necessary to qualify as a serious disability under 36 (4) concerning other injuries. In so doing, the legislature *intentionally* created two new categories. Had the legislature intended that 3a and 4a should be read together, it undoubtedly would have enacted only one additional subsection to § 36 with regard to serious disabilities. Furthermore, the qualifying conditions under 36 (3a) and 36 (4a) are not identical. In order for a claimant to qualify for a serious disability award under 3a, he must have been awarded compensation for 175 weeks or more under 36 (3). And in order for him to qualify under 4a, the claimant must have been awarded compensation for 200 weeks or more (*i.e.*, an award equal to 40% or more of $12,500 at $25 a week). There is therefore no basis for combining a nonqualifying award under one subsection with a qualifying award under the other subsection so as to make both of them qualify. We have heretofore held that injuries not specifically named should be treated independently from those which are specifically named. *Coca-Cola Bottling Works v. Lilly*, 154 Md. 239, 140 Atl. 215 (1928). For the same reason, 36 (4a) should likewise be separately considered."

Passage of Ch. 446 of the Acts of 1970 followed the decision in *Barnes*.

It is patent that the new subsection, combining the two prior subsections into one, was a legislative response to that decision. The new legislation made clear that the *full actual disability* of a workman must be considered in the determination of "serious disability," whether it was the product of scheduled specific injuries under § 36 (3) or to the body as a whole under the "other cases" provisions of § 36 (4) or to a combination of both. The new § 36 (4a) made no other change of substance.[6]

The proper formula for calculation of the number of weeks of compensation benefits payable under § 36 (4) for 50% loss of use of the body is as follows:

50%        X        $ 17,500.00        ÷        $ 35.00        = 250 weeks
(Disability)    (Maximum "Other        (Weekly benefit
                 Cases" Award)        under "Other Cases")

*See Barnes v. Ezrine Tire Co., supra,* at 562 [395].[7]

The formula for calculation of the additional number of weeks of compensation for "serious disability" is specifically set forth in § 36 (4a), *i.e.,* "The weeks for such award shall be increased by one third (computed to the nearest whole number) * * *."

In the subject case, accordingly, it is plain that the weeks of compensation benefits for her permanent disability total 333.

The appellant and the appellees agree with this calculation of the *number of weeks* from which the *ultimate sum of compensation benefits* will be computed, but differ as to the formula by which the latter figure is to be determined.

Claimant contends that the 333 weeks of compensation

6. Other changes, minor in character, effected by the new subsection were: (a) compensation benefits for disfigurement or mutilation under § 36 3 (f) should not be considered in the determination of "serious disability"; and (b) the maximum weekly benefits payable for such "serious disability" were increased from $40.00 to $65.00 weekly.

7. The Court in Barnes, supra, had said: "And in order for him to qualify under 4a, [of the prior law] the claimant must have been awarded compensation for 200 weeks or more (*i.e.,* an award equal to 40% or more of $12,500 at $25 a week). (In that case the "other cases" disability of the claimant was 40% and at that point in time the maximum "other cases" award was $12,500 at $25 weekly.)

benefits should be multiplied by the sum of $65.00 weekly, the maximum allowance payable under § 36 (4a) or $21,645.00. Claimant contends that she should be paid this ultimate total sum at the rate of $58.67 weekly (two-thirds of her average weekly wage). The effect of such a course would cause the claimant to receive weekly benefits of $58.67 for a period more than 35 weeks longer than the basic 333 week period for which her "serious disability" had been determined under the agreed formula. Employer and insurer, on the other hand, contend that the ultimate sum payable to the claimant must be calculated by multiplying the 333 weeks of compensation benefits to which she is entitled under the provisions of §§ 36 (4) and 36 (4a) by the sum of $58.67 (two-thirds of her average weekly wage), or the sum of $19,537.11. The commission adopted the position of the claimant. The trial court adopted the position of the employer and insurer. We shall affirm the trial court.

The language of § 36 (4a) is clear and unambiguous. We find nothing in it to indicate that the maximum weekly sum payable under its provisions was intended universally to serve as the determining factor in computing the amount of the ultimate sum payable to an injured workman. The $65.00 figure constitutes nothing more than the outside limit of the weekly benefits payable for "serious disability." It should be utilized in computation of the ultimate monetary benefits only when two-thirds of the average weekly wage of a particular workman equals or exceeds that maximum benefit.

Claimant argues that the formula by which the commission apparently computed the ultimate compensation award has been employed by it since enactment of the "serious disability" concept and that a settled construction by the commission is to be given weight upon appeal, citing *Congoleum Nairn v. Brown*, 158 Md. 285, 290, 148 A. 220, 222 (1929). We find no such settled construction in this record. That doctrine must, in any case, yield to the clear language of a statute. *Symons v. R. D. Grier & Sons*, 10 Md. App. 498, 501, 271 A. 2d 398, 399-400 (1970). We conclude that the subject case falls within the

rule declared in *Bouse v. Hutzler*, 180 Md. 682, 687, 26 A. 2d 767, 769 (1942):

> "Where the language is clear and explicit, and susceptible of a sensible construction, it cannot be controlled by extraneous considerations. No custom, however long and generally it has been followed by officials, can nullify the plain meaning and purpose of a statute."

*Judgment affirmed.*
*Costs to be paid by appellant.*