637 A.2d 897

## MAYOR AND CITY COUNCIL OF BALTIMORE

v.

### Eugene CASSIDY.

### No. 986, Sept. Term, 1993.

Court of Special Appeals of Maryland.

March 2, 1994.

Herbert Burgunder, Jr. (Otho M. Thompson and Richard T. LaFata, on the brief) Baltimore, for appellant.

Karl H. Goodman, Baltimore, for appellee.

Argued before ALPERT, FISCHER and CATHELL, JJ.

CATHELL, Judge.

Eugene Cassidy, appellee, an agent for the Baltimore Police Department, was shot in the head while on duty. Appellee sought to collect Workers' Compensation benefits. At a hearing before the Workers' Compensation Commission (Commission), appellee claimed the following injuries: a total loss of

vision in both eyes, total loss of his sense of smell, total loss of his sense of taste, and a head injury from the bullet which remains lodged in his head. At the hearing, appellant, the Mayor and City Council of Baltimore, stipulated that appellee was completely blind in both eyes. Appellee presented uncontradicted evidence that he had a total loss of his senses of smell and taste as a result of his injury. The only other evidence presented (the transcript of the hearing was only seven pages long, including a title page and table of contents page) was that appellee was currently employed by the Police Department as an instructor for the Police Academy. The Commission ordered:

*PERMANENT PARTIAL DISABILITY:* Under "Other Cases" amounting to 85% industrial loss of the body as a whole; at the rate of $244.00, payable weekly, beginning at the end of accidental injury benefits previously paid unto the claimant, for a period of 567 weeks; pursuant to Labor and Employment Title 9–630.[1]

Appellee appealed this order to the Circuit Court for Baltimore City and moved for partial summary judgment claiming that the Commission erred by considering all his injuries under the "Other Cases" provision. He argued that the Commission should have considered his loss of vision under the schedule for specific injuries and then considered his loss of taste and smell and the bullet lodged in his head separately under the "Other Cases" provision. Appellee, in his motion for partial summary judgment, requested that the court award him permanent partial disability benefits for 500 weeks for his total loss of vision (250 weeks per eye) under the schedule for specific injuries, award him an additional 167 weeks under

---

1. Maryland Code (1991 Repl.Vol.) section 9–627(k) of the Labor & Employment Article "Other Cases" requires the Commission to determine the percentage that the industrial use of the employee's body was impaired. Permanent partial disability benefits are then awarded for this percentage of 500 weeks. Eighty-five percent of 500 is 425. Section 9–630 of the Labor & Employment Article requires the Commission to increase any award under section 9–627 that exceeds 250 weeks by one-third. One-third of 425 is approximately 142 and these two added together amount to 567 total weeks.

section 9–630 for a serious disability, and remand the case to the Commission to determine the extent of his permanent partial disability under "Other Cases" for the loss of his senses of smell and taste. The court granted his motion. Appellant then filed this appeal. The parties raise the following question:

Was the Circuit Court for Baltimore City correct in awarding Officer Cassidy permanent partial disability benefits under Md. Labor & Employment Code Ann. § 9–627(d) "scheduled injuries" provision for the 100% loss of both eyes and remanding his case for a further determination of industrial loss of taste and smell? [2]

### STANDARD OF REVIEW BY CIRCUIT COURT OF COMMISSION'S ORDER

■ Appellee was disabled as a result of an accidental injury.

Where the case involves an accidental injury, the court must determine three things: (i) did the Commission justly consider all the facts concerning the injury; (ii) did the Commission exceed its statutory authority; and (iii) did the Commission misconstrue the facts or the law applicable to the case?

*Montgomery Ward & Co. v. Bell,* 46 Md.App. 37, 42, 415 A.2d 636 (1980). "[I]n making th[e]se determinations, the reviewing court has very broad authority, notwithstanding the *prima facie* correctness of the administrative decision." *Egypt Farms, Inc. v. Lepley,* 49 Md.App. 171, 176, 430 A.2d 122, *cert. denied,* 291 Md. 778 (1981). This presumption of correctness applies to the factual decisions of the Commission and not to

---

**2.** Appellant also argued that the Commission and circuit court are not compelled to find an amount of disability equal to the medical anatomical evaluations and that they have independent discretion to determine amounts of disability. While this is true, it has no bearing on this case. The evidence of appellee's injuries was either stipulated to or uncontradicted. The circuit court did not reverse because of the amount (percentage) of the disability, it reversed because the Commission did not treat the loss of both eyes under the schedule for specific injuries.

the Commission's interpretations of the pertinent statutory provisions. *C & R Contractors v. Wagner*, 93 Md.App. 801, 808, 614 A.2d 1035 (1992), *cert. denied*, 329 Md. 480, 620 A.2d 350 (1993). "Th[e] review ... 'extends both to findings of fact and applicable law' and 'provides for a trial which is essentially de novo.'" *Egypt Farms*, 49 Md.App. at 176, 430 A.2d 122. *See also Dawson's Charter Service v. Chin*, 68 Md.App. 433, 440, 511 A.2d 1138 (1986) ("[A]n appeal of a worker compensation case is a *de novo* proceeding in the circuit court.") and *Turner v. Public Defender*, 61 Md.App. 393, 398, 486 A.2d 804 (1985). When the circuit court granted appellee's motion for partial summary judgment, it apparently determined that the Commission misconstrued the law applicable to this case by determining that the loss of vision in both eyes fell under section 9–627(k) of the Labor & Employment Article, "Other Cases," instead of determining the loss of vision in both eyes fell under the schedule of specific injuries in section 9–627(d).

## SPECIFIC INJURIES AND "OTHER CASES" UNDER SECTION 9–627

Generally, the Labor & Employment Article "should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes. Any uncertainty in the law should be resolved in favor of the claimant." *C & R Contractors*, 93 Md.App. at 807, 614 A.2d 1035 (quoting *Victor v. Proctor & Gamble Mfg. Co.*, 318 Md. 624, 629, 569 A.2d 697 (1990)). "While the Act is to be liberally construed, a court is not at liberty to disregard its plain meaning." *Id.*, 93 Md.App. at 808, 614 A.2d 1035 (quoting *Montgomery County v. Lake*, 68 Md.App. 269, 273, 511 A.2d 541 (1986)).

 Maryland Code (1991 Repl.Vol.), § 9–627(d) of the Labor and Employment Article provides:

(1) Compensation shall be paid for the period listed for the loss of the following:

. . . .

(vi) an eye, 250 weeks.

Labor and Employment Article § 9–627(e) provides:

> The permanent loss of use of a[n] ... eye shall be considered equivalent to the loss of the ... eye.

Labor and Employment Article § 9–627(k) *Other cases* provides:

> (1) In all cases of permanent partial disability not listed in subsections (a) through (j) of this section, the Commission shall determine the percentage by which the industrial use of the covered employee's body was impaired as a result of the ... injury....
>
> ....
>
> (3) The Commission shall award compensation to the covered employee in the proportion that the determined loss bears to 500 weeks.

Appellant contends the Commission correctly construed the law when it determined the loss of vision in both eyes fell under the "Other Cases" provision. Appellant cites two sources as support for this contention. It first cites Larson's treatise stating, "Professor Larson, in dealing with the loss of sight in both eyes being under 'other cases', has formulated 'the multiple-impairment principle'." Larson states:

> There is a further factor that may help to account for a number of the newer decisions, which might be called the multiple-impairment principle. This principle would recognize the common sense fact that, when two or more schedule injuries occur together, *the disabling effect may be far greater than the arithmetic total of the schedule allowances added together.* The most obvious applications of this principle are already specifically provided for in a typical schedule. *Total loss of sight of two eyes may be rated at, not twice as much, but five times as much as the loss of one eye, and loss of two feet may be rated at almost 4½ times as much as loss of one foot.* But these, together with binaural loss of hearing and other losses of two major members, are only the most obvious examples of the principle. The

Maryland court identified this factor and gave direct appli-
cation to it in *Department of Correction [ ] v. Johnson.*
1C Larson, *The Law of Workmen's Compensation* § 58.24
(1992) (emphasis added, footnotes omitted). Thus, appellant
reasons, because appellee suffered total loss of sight in both
eyes plus loss of taste and smell and because his total loss of
vision may "be rated at, not twice as much, but five times as
much as the loss of one eye," appellee's injuries must be
classified as an "Other Case." His award under "Other Case"
would be less than if his total loss of vision was rated at the
loss of one eye multiplied by two under the schedule for
specific injuries. "Merely to state such a construction is, we
think, to refute it." *Department of Correction v. Johnson,* 222
Md. 139, 149, 159 A.2d 658 (1960).

The other source appellant cites for support is the *Johnson*
case, where the Court of Appeals addressed "whether the
Commission, *in its discretion,* might allow compensation *in a
larger amount* under the 'Other Cases' provisions...." *Id.* at
141, 159 A.2d 658 (emphasis added). The injured employee in
*Johnson* suffered a loss of both his thumbs. The Court held:

> We conclude that the amputation of *both* thumbs is not
> within the schedule of specific disabilities contained in ...
> the Act and that it falls within ... the "Other Cases"
> provision of our statute.

*Id.* at 149, 159 A.2d 658.

By determining that the injured employee's loss of both
thumbs fell under the "Other Cases" provision, the employee
was able to collect a greater amount than if he had been
compensated for the loss of one thumb multiplied by two. As
Professor Larson indicates in the quote that appellant cited
above, the ability to give a greater award was one of the
primary factors that motivated the Court to utilize the "other
cases" provision. In the case *sub judice,* since appellee suf-
fered the loss of his eyes (the loss of one eye requires
disability benefits be awarded for 250 weeks) instead of his
thumbs (the loss of one thumb requires disability benefits be
awarded for 100 weeks), appellee's award will be lower if his

injury is treated under the "Other Cases" provision as opposed to treating each eye as a separate specific injury and then adding the two.

The *Johnson* Court reviewed Schneider, *Workmen's Compensation* and Larson, *The Law of Workmen's Compensation.*

The text writers have considered the problem to some extent. See 11 Schneider, *Workmen's Compensation* (Perm. Ed.), §§ 2311, 2318, 2322(a), and 2 Larson, *Workmen's Compensation,* § 58.20. Schneider, in § 2311, states in part: "The question of when a specific injury becomes an 'other injuries' type often presents a shadowy line of demarcation and calls for the *wise discretion* of the Board, Commission or Referee in the light of substantial facts in evidence." And in § 2318, he says: "Usually multiple injuries will be considered to affect the body of the employee as a whole, or a member as a unit, and so such multiple injuries are generally rated under the catchall, or other cases, provisions. The exceptions are so numerous that it is difficult to say which is the general rule. Little more can be done than give the examples of the decided cases in the various jurisdictions."

Larson ... says: "The great majority of modern decisions agree that, if the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not *exclusive.*" As the learned author points out, the *extended effects of such injuries may result in greater interference with the employee's ability to work than might be expected from a simple and uncomplicated injury.*

*Id.* at 146, 159 A.2d 658 (emphasis added). The Court then added:

It requires neither argument nor elaboration to show that to a manual worker the loss, or loss of use, of both thumbs is a substantial injury and that it is much more serious than would be the loss of one thumb.

*Id.*

The Court also looked to several earlier Maryland cases: *Paul v. Glidden Co.,* 184 Md. 114, 39 A.2d 544 (1944); *Lisow-*

*sky v. White*, 177 Md. 377, 9 A.2d 599 (1939); and *Congoleum Nairn, Inc. v. Brown*, 158 Md. 285, 148 A. 220 (1930), where, when the employee had suffered an injury to several fingers, it held that the employee should be compensated for a partial loss of a hand instead of each individual finger. In *Lisowsky*, the Court stated:

> The higher element or measure of damage, or injury, . . . should be accorded to the injured person. . . . [I]f the loss, or injury, to the entire hand, is greater than that limited to the aggregate loss of the fingers, then it would seem but just that the higher measure of damage should be applied, because after all it is adequate compensation that the law seeks to accord. . . . If there is a conflict in the Workmen's Compensation Law with respect to these questions of construction, it seems to us that this should be resolved in favor of the claimant. . . .

177 Md. at 381–82, 9 A.2d 599 (citations omitted).

In *Paul*, the Court followed its holding in *Lisowsky* stating that it was based on "the theory that the higher element or measure of damage in workmen's compensation cases should be accorded to the injured person." 184 Md. at 116, 39 A.2d 544.

The *Johnson* Court also cited several cases from foreign jurisdictions, including *Chapman v. Raftery*, 174 S.W.2d 352 (Mo.App.1943), and *Dauster v. Star MFG. Co.*, 145 S.W.2d 499 (Mo.App.1940). In *Dauster*, the court held that when an injured employee received multiple injuries in the same accident, the employee's disability benefits should be determined based on how the injuries affected the use of the employee's body as a whole, instead of adding the benefits provided for in the statute for each separate injury.

> The *Chapman* court described the holding in *Dauster* as: [W]here there are combined or multiple injuries resulting from one and the same accident, the compensable period is not *necessarily* to be fixed with regard for the relation which each and every one of such multiple injuries may bear to some one of the specific injuries mentioned in the statuto-

ry schedule, but that instead the commission, in such a case, *may* properly fix the period in its relation to the ... period of ... weeks, considered from the standpoint of the percentage of disability in the normal functions of the injured man himself....

... [*I* ]*f the situation was otherwise, ... injustice to the injured employee would almost inevitably result....*

*Chapman,* 174 S.W.2d at 354 (emphasis added).

Our discussion of *Johnson* illustrates two points. First, the Court's holding in *Johnson* is based, to a large degree, on the fact that the employee received greater benefits under the "Other Cases" provision than he would have been awarded under the schedule for the loss of one thumb multiplied by two. Second, the Commission and reviewing court are not *required* to consider multiple injuries from one accident under the "Other Cases" provision.

To illustrate the second point we note that, after the *Johnson* decision, the Commission has awarded permanent partial disability benefits based on *both* the schedule for a specific injury and the "Other Cases" provision for an injury to the body as a whole to an employee that suffered multiple injuries from a single accident. *Barnes v. Ezrine Tire Co.,* 249 Md. 557, 560, 241 A.2d 392 (1968), ("[T]he ... Commission ... found that he 'sustained a permanent partial disability [under ... "Specific Injuries"] resulting in 100% loss of vision in his right eye, and a permanent partial disability under ... "Other Cases" amounting to 30% industrial loss of use of his body as a result of the injury to his back and his right shoulder....' "). The issue before the Court in *Barnes,* however, was not whether the Commission was permitted to make such an award.

The Court in *Barnes* was addressing when the serious disability provision was triggered and held it could not be triggered by adding the "Specific Injury" and the "Other Cases" awards together, but that each injury must be considered separately. The Legislature, in response to the *Barnes* case, then amended the Workers' Compensation Act to allow

the "serious disability" provision to be triggered by "the *product* of scheduled specific *injuries* ... or to the body as a whole under the 'other cases' provisions ... *or to a combination of both.*" *Carter v. Allen, Son & Co.*, 28 Md.App. 541, 546, 346 A.2d 453 (1975) (emphasis added). In *Barr v. Barberry Brothers, Inc.*, 99 Md.App. 33, 39, 635 A.2d 64 (1994), we stated:

> When several statutes are *in pari materia,* any interpretation must be made with full awareness of *all* the relevant enactments. It is presumed that the General Assembly acted with full knowledge of prior legislation and intended statutes that affect the same subject matter to blend into a consistent and harmonious body of law. Therefore, various consistent and related enactments, although made at different times and without reference to one another, nevertheless should be harmonized as much as possible. [Quoting *State v. Bricker,* 321 Md. 86, 93, 581 A.2d 9 (1990).]

The language of section 9–630(a)(1) of the Labor & Employment Article, which provides that the serious disability provision is triggered when an "employee is given an award *or a combination of awards* [emphasis added] resulting from 1 accidental ... injury ... under § 9–627," and our construction of the provision in *Carter* are consistent with an interpretation of section 9–627 that does not require the Commission or reviewing court to base awards for multiple injuries solely on the "Other Cases" provision.

▮ Based on the circuit court's broad standard of review; the fact that the Workers' Compensation Article should be liberally construed in favor of the injured employee; the fact that the injured employee receives greater compensation under the circuit court's interpretation of the statute than the Commission's interpretation; and the fact that the Commission and reviewing court have discretion to consider each injury resulting from a single accident as the product of scheduled specific injuries, the body as a whole under the "Other Cases" provision or a combination of both, we hold the circuit court did not err by reversing the Commission and

treating appellee's loss of both eyes as scheduled specific injuries instead of an "Other Case" and remanding this case to the Commission for an additional award under the "Other Cases" provision for appellee's loss of taste and smell. We hold further that, given the rule that where uncertainty exists, it should be resolved in favor of the claimant and that, generally, the greater compensation should be awarded when a conflict as to the measure of compensation exists by reason of conflicting provisions in the statute, the Commission, in such cases, must apply that statute or combination of statutes that results in the greater compensation to the worker.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.