## CONSOLIDATED ENGINEERING CO., INC., ET AL. *v.* COOPER

[No. 501, September Term, 1966.]

*Decided May 5, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES, McWILLIAMS and FINAN, JJ.

*Paul V. Niemeyer* and *Philip T. McCusker*, with whom were *Piper & Marbury* on the brief for appellants.

*Maurice J. Pressman* for appellee.

HORNEY, J., delivered the opinion of the Court.

A determination of the novel question presented by this case,[1] as to whether compensation for a serious disability is payable at the rate of forty dollars per week for the entire award or only for the so-called extra award, depends on the intention of the legislature in enacting § 36(3a) of Article 101 of the Code of 1957.

The facts are not in dispute. As the result of an injury on July 15, 1965, the claimant (Sullie W. Cooper) sustained a total loss of vision in his left eye. On March 29, 1966, the Workmen's Compensation Commission found that the claimant had been temporarily totally disabled until September 26, 1965, and directed the employer (Consolidated Engineering Company) and the insurer (Maryland Casualty Company) to pay the claimant permanent partial disability at the rate of $40 weekly, beginning as of September 27, 1965, for a period of 267 weeks.

The employer and insurer, claiming that the commission had misinterpreted the meaning of § 36(3a), appealed to the Baltimore City Court. There being no dispute as to the facts, the opposing parties filed motions for summary judgment. The lower court (Sklar, J.), in interpreting the subsection as had the commission, granted the motion of the claimant for sum-

---

1. This case is doubly one of first impression. This is the first time we have been called upon to interpret the "serious disability" provisions of the compensation laws of this state and, so far as we have been able to ascertain, no other state has a similar statute.

mary judgment. And the employer and insurer appealed to this Court.

The appellants, contending that the decision of the lower court was erroneous, claim that the basic award of 200 weeks should be paid at the $25 rate provided in § 36(a) and that only the extra award of 67 weeks allowed by § 36(3a) should be paid at the $40 rate—a total of $7680. The appellee, on the other hand, contends that the entire award of 267 weeks for a serious disability is payable at the rate of $40 per week—a total of $10,780.

In support of his position in the lower court, the claimant sought to introduce the testimony of certain members of the Workmen's Compensation Commission and the Governor's Study Commission on Workmen's Compensation as to the motive and intention of the legislature in enacting § 36(3a), but the lower court refused to receive such testimony as evidence. The claimant, claiming error, filed a cross-appeal. The employer and insurer, besides claiming that the cross-appeal was filed too late, contend that such evidence was inadmissible to show legislative intent.

The pertinent parts of § 36 of Article 101 provide—

"(3) *Permanent Partial Disability—Specific injuries.*—(a) In case of disability partial in character but permanent in quality, the compensation shall be sixty-six and two-thirds per centum of the average weekly wages, in no case to exceed twenty-five dollars per week and not less than a minimum of fifteen dollars per week unless the employee's established weekly wages are less than fifteen dollars per week at the time of the injury, in which event he shall receive compensation equal to his full wages, but in no case to exceed twelve thousand five hundred dollars ($12,500) in the aggregate and shall be paid to the employee for the period named in the schedule as follows:

* * *

"(b) * * *.

Eye—For the loss of an eye, two hundred weeks.

* * *

"(3a) *Same—Same—Serious disability.* — A person who receives under subsection (3) of this section an award for a period of one hundred and seventy-five weeks or more is thereby considered to have a serious disability. He automatically shall be entitled to (in addition to the award under subsection (3)) an extra award of a number of weeks equal to one third (computed to the nearest whole number) of the number of weeks awarded under subsection (3); and the award of compensation to him in no case shall exceed forty dollars per week; and as to him the maximum limitation of $12,500 shall not apply. This subsection, to the extent of any inconsistency, prevails over subsection (3); but otherwise subsection (3) applies to persons covered by this subsection. Provided, however, that any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of compensation previously awarded and paid."

It may be that § 36(3a) is not as explicit as it could have been, but its meaning is not uncertain.

Reading them together, as we must, we think the pertinent parts of § 36 simply mean that when there is an ordinary permanent partial disability the monetary award is $25 per week for the stated number of weeks, but that when the disability is a serious one, of one hundred and seventy-five weeks or more, the monetary award is $40 per week for the stated number of weeks plus an additional one-third of the stated number, provided, however, that the basic and extra awards are made simultaneously, as they were here.

We think the use of the word "extra," which, according to Webster's New International Dictionary, second edition, unabridged, means "added," "additional," "greater than what is usual" or "something in addition to what is customary," to describe the "award" which was added by § 36(3a) to the award provided in § 36(a), indicates that it was the intention of the legislature that the entire "award of compensation" for a serious disability was payable at the maximum rate, rather than,

as the employer and insurer contend, that only the extra number of weeks were to be compensated at that rate. Certainly, § 36 cannot be interpreted as providing two awards payable at different rates. On the contrary it seems clear that the only purpose of § 36(3a) was to increase the benefits for a serious disability and to provide the formula to be followed in bringing about that result. Even if it is assumed that the provisions of § 36(3a) are not consistent with those in § 36(a), the former by its terms would prevail over the latter. Again, since the additional as well as the basic awards of compensation were made at the same time, it is evident that the proviso in § 36(3a) has no bearing in this case on the interpretation of the statute. In any case, the very terms of the proviso would support an interpretation that when only one award is made for a serious disability, as was the case here, the entire award is payable at the maximum rate.

The answer to the argument of the employer and insurer that the claimant is not entitled to the maximum monetary award for the entire number of weeks awarded as compensation for the serious disability he incurred is that if this is not what the legislature intended, we lack the power to change what we think the legislature said in amending § 36(a) by the enactment of § 36(3a). The courts have power to interpret or construe laws, but only the legislature has power to enact and amend them.

Having interpreted the pertinent parts of § 36 according to the clear wording of the statute, we see no merit in the cross-appeal.

> *Order affirmed; appellants to pay costs of direct appeal; cross-appellant to pay costs of cross-appeal.*