## FRED H. GORDON *v.* BALTIMORE SPICE COMPANY ET AL.

[No. 372, September Term, 1972.]

*Decided March 12, 1973.*

The cause was argued before THOMPSON, CARTER and DAVIDSON, JJ.

*Joseph J. Askin* for appellant.

*R. Roger Drechsler* for appellees.

THOMPSON, J., delivered the opinion of the Court.

This appeal presents the question as to the proper construction of Md. Code, Art. 101, § 36 (4a), quoted *infra,* as enacted in the Laws of Maryland, 1965, Chapter 322 which was in effect on the date of the accident leading to these proceedings. The issue is whether or not the

proviso at the end of that section reduces the number of weeks Workmen's Compensation is paid or only the amount of the weekly payments.

The facts are not in dispute. Fred H. Gordon, the appellant, sustained accidental injury to his back on October 19, 1968 while in the employ of Baltimore Spice Company. He subsequently underwent a disc operation by Drs. Neil I. Aronson and Robert E. Zadek. At a hearing to determine the nature and extent of disability held on September 9, 1969, testimony was taken and medical reports were submitted and thereafter on September 24, 1969 the claimant was awarded compensation for a 25% industrial loss of the use of his back which under the "other cases" provisions of Md. Code, Art. 101, § 36 (4) entitled him to 125 weeks compensation at $25.00 per week.

Sometime later, Mr. Gordon's condition worsened and Drs. Zadek and Aronson performed a bone fusion on his lower spine. A hearing was requested to determine the extent of any increase, if any, in Mr. Gordon's disability. A hearing was held and on May 12, 1972, an award was passed granting the claimant compensation for a 45% industrial loss of use of his body as a result of the injury to his back. At the time of the second hearing the previous award had been fully paid. The Commissioner awarded the claimant 225 weeks compensation and added 75 weeks of compensation for "serious disability" in compliance with Article 101, § 36 (4a). The Commissioner subtracted the original 125 weeks of compensation previously awarded from the total 300 weeks which left the claimant with 175 weeks compensation to be paid under the award of May 12, 1972 at the rate of $40.00 per week.

The employer-insurer filed an appeal and a Motion for Summary Judgment. This Motion asserted that as a matter of law the compensation allowed by the Commission was incorrectly computed and it set forth the employer-insurer's method of computing the award. Their calculations arrived at a proposed award by allowing

225 weeks for 45% disability and deducting the prior award of 125 weeks. The balance of 100 weeks was then increased by the one-third "serious disability" section for a total award of 133 weeks at the rate of $40.00 per week. The trial judge granted the Motion for Summary Judgment.

On October 19, 1968, the date of the accident, the statute in question, Md. Code, Art. 101, § 36 (4a) provided as follows:

> "Same—Same—Serious disability.—A person who received under subsection (4) of this section an award equal in total to forty per centum or more of $12,500.00 is thereby considered to have a serious disability. He automatically shall be entitled to (in addition to the award under subsection (4)) an extra *award of a number of weeks* equal to one-third (computed to the nearest whole number) of the number of weeks awarded under subsection (4); and the *award of compensation* to him in no case shall exceed forty dollars per week; and as to him the maximum limitation of $12,500.00 shall not apply. This subsection, to the extent of any inconsistency, prevails over subsection (4); but otherwise subsection (4) applies to persons covered by this subsection. Provided, however, that any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of *compensation* previously awarded and paid." (emphasis added).

In *Uninsured Employers' Fund v. Booker*, 13 Md. App. 591, 284 A. 2d 454, we pointed out the word "compensation" as used in the Maryland Workmen's Compensation Law has various meanings and that its intended meaning in any particular phrase of the statute must be determined from the context. In the instant case we see no need to examine other portions of the Act because it

seems clear to us that its meaning as used in § 36 (4a) quoted above, is constant and clear. In the earlier part of the section the statute draws a distinction between the extra award of the number of weeks and an extra award in the amount of weekly compensation. It seems reasonable that when the legislature used the word compensation at the end of the statute to limit the increase of the award that it would be presumed to use the word in the same sense in which it had used it immediately above, i.e., referring specifically to the amount payable per week rather than as a limitation on the number of weeks.

Although as we have stated, the meaning of the legislature seems clear to us, it is apparent from the briefs filed in these proceedings that trial courts throughout the state have differed as to the construction of the section involved. We are enjoined by the cases collected in *Symons v. R. D. Grier & Sons,* 10 Md. App. 498, 501, 271 A. 2d 398 to construe the law in favor of the claimant where there is an ambiguity. Our construction gives the claimant the benefit of any ambiguity.

If at the original hearing, the claimant in this case had been awarded a 45% disability, he would have received compensation at the rate of $40 a week for 300 weeks for a total of $12,000. As a result of the proviso at the end of the section, he must suffer a penalty by reason of the fact that his ultimate disability was not established until after his first award was paid. We can see no reason why the number of weeks of compensation should be reduced as well as the amount of weekly payments. We agree with Pressman, *Workmen's Compensation in Maryland,* § 5-3 (12) (h). This result seems more just.

The employer argues *Consolidated Engineering Co., Inc. v. Cooper,* 246 Md. 610, 228 A. 2d 823, should point the way for our decision in the instant case. The Court in that case was construing Md. Code, Art. 101, § 36 (3a) which is similar to § 36 (4a) except that the former relates to those cases where the statute sets out a specific award for specific injuries and the statute involved in the

instant case covers "other cases" where there is no specified award. The proviso at the end is identical to the proviso at the end of § 36 (4a). In that case the employer argued that not the entire number of compensable weeks, but only the extra weeks of compensation should be payable at the $40 rate. The Court rejected this construction and stated that the proviso had no bearing on the interpretation of the statute because in the case before it there was only a single award. Although obviously a different formula would apply when awards are separate, that case is of no assistance in determining whether the proviso limits only the amount of weekly compensation or also limits the number of weeks.

Insofar as our research has disclosed, the Maryland statute is unique in its approach to "serious disability".[1] We are therefore unable to obtain assistance to the problem before us by an examination of cases from other jurisdictions.

> *Judgment reversed.*
> *Case remanded for entry of a*
> *judgment affirming the*
> *award of the commission.*
> *Appellees to pay the costs.*

---

1. See note 1 of *Consolidated Engineering Co., Inc. v. Cooper, supra.*