## LOUIS MAIZEL *v.* MAIZEL & SHAPIRO ENTERPRISES, INC. ET AL.

[No. 505, September Term, 1974.]

*Decided February 21, 1975.*

The cause was argued before Morton, Gilbert and Lowe, JJ.

*Martin E. Gerel,* with whom were *Ashcraft & Gerel* on the brief, for appellant.

*John Noble,* with whom were *Vivian V. Simpson, Joseph B. Simpson, Jr., H. Algire McFaul, Stephen P. Johnson* and *Simpson & Simpson* on the brief, for appellees.

Gilbert, J., delivered the opinion of the Court.

Louis Maizel, on April 15, 1970, sustained an accidental injury arising out of and in the course of his employment with Maizel & Shapiro Enterprises, Inc., and Maizel filed a claim with the Workmen's Compensation Commission. The Commission passed an order on August 30, 1970 in which it determined the accidental injury and awarded payment for temporary total disability to Maizel. On July 16, 1971 the Commission, "after further consideration", by a "Supplemental Award" held that Maizel had sustained a permanent partial disability of 35% of his back under "Other Cases." The employer's insurance carrier was instructed to pay to Maizel the sum of $4,375 at the rate of $25 per week. A little over a year later Maizel requested a rehearing. For reasons not pertinent to this discussion, the matter was not heard until November 1973. As a result of the rehearing the Commission held that Maizel was disabled to the extent of 45% of his back.

Then Md. Ann. Code art. 101, § 36 (4a) provided:[1]

> "A person who receives under subsection (4) of this section an award equal to forty per centum or more of $12,500 is thereby considered to have a serious disability. He automatically shall be

---

[1] This section has subsequently been amended. *See* Laws 1970 Ch. 446 which rewrote § 36 (4a), applicable, however, only to injuries occurring after July 1, 1970. *See also* Laws 1971 Ch. 743 in which a correction was made in the third sentence of sub-section (4a).

entitled to (in addition to an award under subsection (4)) an extra award of a number of weeks equal to one-third (computed to the nearest whole number) of the number of weeks awarded under subsection (4); and the award of compensation to him in no case shall exceed forty dollars per week; and as to him the maximum limitation of $12,500 shall not apply. This subsection, to the extent of any inconsistency, prevails over subsection (4); but otherwise subsection (4) applies to persons covered by this subsection. *Provided, however, that any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of compensation previously awarded and paid."* (Emphasis supplied).

Applying § 36 (4a) to the case before it, the Commission ordered that Maizel be paid compensation for a period of 300 weeks at the rate of $40 per week "subject to a credit for 80 weeks" that have been paid in accordance with the order of July 16, 1971.

Maizel was aggrieved. He appealed to the Circuit Court for Prince George's County where he argued to Judge Robert B. Mathias that the effect of the Commission's order was to deprive Maizel of the difference, for 80 weeks, between the $40 weekly compensation payable for serious disability and the $25 per week he had been receiving. In short, Maizel said he was deprived of $1,200. Maizel asseverated in the Circuit Court and again here that the above quoted italicized portion of § 36 (4a) is unconstitutional in that there is a denial of equal protection of the laws. Alternatively, he avers that the construction placed by the Commission upon that section, if it be constitutional, is incorrect. Judge Mathias disagreed with Maizel's contentions, and we agree with Judge Mathias.

The gist of Maizel's equal protection argument, stripped of its veneer, is that had he not filed a claim shortly after the happening of the accident of April 15, 1970, and instead waited until July 1971 when his condition had apparently

worsened, he would have received, as a result of his waiting, the additional fifteen dollars a week for 80 weeks. Maizel poses the hypothetical situation wherein two people, "A" and "B", are injured in the same manner, to the same extent and on the same day. "A" files a claim for compensation forthwith but "B" waits. At the time of his hearing "A" has reached maximum improvement. He is determined to have sustained a 35% permanent disability of his back. Later his condition becomes worse and as a result of a petition to reopen he is awarded another 10% disability. As the law then read [2] he would have received, as in the present case, $1,200 less than "B" who waited until his condition had reached the point where he was 45% disabled and then proceed with his claim, provided, of course, that the claim was timely.

Maizel's hypothesis is intrinsically intriguing, but we shall have to leave the discussion of the issue to another day. We are mindful of the recent case of *In re Trader* 272 Md. 364, 325 A. 2d 398 (1974). There the Court had before it an alleged denial of equal protection of laws arising out of a difference between the treatment of juveniles in Montgomery County as opposed to the rest of the State. Chief Judge Murphy, speaking for the Court stated:

> "... [The] constitutionality [of a statute] is presumed in the absence of a clear and convincing showing by the party assailing the legislative classification that it does not rest upon *any* reasonable basis, but is essentially arbitrary. [(Citations omitted)]. Since no evidence was adduced in the proceedings below to demonstrate the lack of a reasonable basis for the statutory distinction, and since the difference in treatment is not so irrational as to be invidiously discriminatory on its face, we hold on the record ... [that there was no denial of] equal protection of the laws. ..."

The record in the case now before us is devoid of evidence demonstrating a "lack of a reasonable basis" for the

---

2. *See* n. 1 *supra.*

legislature's enactment of the above quoted italicized portion of § 36 (4a).

It is incumbent upon one who attacks the constitutionality of a law on the ground that he has been denied equal protection thereof to show that there is no reasonable basis for the legislative distinction, and Maizel's rhetoric and hypothetical example do not constitute "evidence." Maizel has simply failed to make, in this record, a basis for a constitutional attack of a denial of equal protection. We are unable to declare that the difference in treatment of a claimant who promptly exercises his rights under the Workmen's Compensation Act and a claimant who defers the employment of those rights "is so irrational as to be invidiously discriminatory on its face." This is so because each claimant will receive compensation based upon his respective disability at the time of his hearing.

Under the clear language of *Trader, supra,* we do not pass upon the issue as it is not properly before us. We do observe, however, as Judge Murphy said in *Trader*:

> "... [I]n evaluating challenges under the equal protection clause, we do not sit as a 'super legislature.' *Salsburg v. Maryland* [346 U. S. 545, 74 S. Ct. 280, 98 L. Ed. 281 (1954)]. 'To be able to find fault with a law is not to demonstrate its invalidity. It may seem unjust and oppressive, yet be free from judicial interference. The problems of government are practical ones and may justify, if they do not require, rough accommodations, — illogical, it may be, and unscientific.' *Metropolis Theatre Co. v. City of Chicago,* 228 U. S. 61, 69-70, 33 S. Ct. 441, 443, 57 L. Ed. 730 (1913). In other words, if legislation is constitutional, the wisdom of it is beyond the purview of the Courts. *Bruce v. Director, Chesapeake Bay Aff.,* 261 Md. 585, 276 A. 2d 200 (1971)."

We turn now to Maizel's alternative argument that the Commission incorrectly construed that sentence of § 36 (4a) that declares:

6

"Provided, however, that any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of compensation previously awarded and paid."

Maizel's argument with respect to this contention appears to us to have been answered by this Court in *Gordon v. Baltimore Spice Company*, 17 Md. App. 300, 301 A. 2d 41 (1973), *cert. denied* 269 Md. 755 (1973). In that case we reversed a trial court's decision which had in turn reversed a Workmen's Compensation order. The Commission had "awarded the claimant 225 weeks compensation and added 75 weeks of compensation 'for serious disability' in compliance with Article 101, § 36 (4a). The Commissioner subtracted the original 125 weeks of compensation previously awarded from the total 300 weeks which left the claimant with 175 weeks compensation to be paid . . . at the rate of $40.00 per week." We held, implicitly, that the Commission correctly allowed a credit against its supplemental award for compensation previously paid.

Presuming the constitutionality of § 36 (4a), which presumption we are required to make under *Kirkwood v. Provident Savings Bank*, 205 Md. 48, 106 A. 2d 103 (1954) and *Trader, supra,* we hold that the language of § 36 (4a) is clear, definite, unambiguous and susceptible of only one rational interpretation and that is that when a claimant is granted the right to reopen his claim on the basis that his condition has worsened, the employer-insurer, the employer-self insurer or the Uninsured Employers' Fund, as the case may be, is entitled to a credit for compensation previously paid. The present law does not provide for a re-adjustment of compensation previously paid.

Appellant posits the further contention that we may avoid passing upon the constitutionality of the last sentence of § 36 (4a) by holding that the statute provides that the difference between any amount paid under "Other Cases", § 36 (4) and any subsequent amount awarded under "Serious Disability", § 36 (4a), should be added to the total dollar amount of the award. He suggests that the $1,200 to which he believes himself entitled be added to the award of

compensation. He argues "[Y]ou start it running from the point of time that the worker was found to be seriously disabled." The effect of his suggestion would be to increase the number of weeks that he actually receives compensation. The sum of $1,200 divided by a weekly payment of $40 leaves a quotient of 30 weeks. Hence, appellant is opting for an additional 30 weeks compensation. Appellant reasons that such a construction of the statute would not increase the compensation previously paid. Maizel engages in semantics. Irrespective of how Maizel rationalizes the payments, they are nevertheless an increase in the compensation previously paid and thus proscribed by the statute. He would have us become the "super legislature" to which Chief Judge Murphy alludes in *Trader*, and amend the statute by reading into it something which is not only not there but which is patently contrary to the clear legislative mandate.

A final word is in order relative to briefs in this Court. The appellant has included within his brief an appendix. We take this occasion to once again remind the bar that the style and contents of briefs in this Court are prescribed in Md. Rule 1031, and that failure to comply with the Rule could result in the dismissal of the appeal, or a reprinting of the briefs "at the expense of the attorney for the party whose brief was improperly printed." Md. Rule 1031 f.

> *Judgment affirmed.*
> *Costs to be paid by appellant.*