JOHN W. SCHINDELE *v.* NU-CAR CARRIERS, INC. ET AL.

[No. 796, September Term, 1978.]

*Decided July 6, 1979.*

The cause was argued before MORTON, MELVIN and LISS, JJ.

*Martin E. Gerel,* with whom were *Ashcraft, Gerel & Koonz* on the brief, for appellant.

*Robert J. Lynott,* with whom was *Eugene A. Edgett, Jr.,* on the brief, for appellees.

MELVIN, J., delivered the opinion of the Court.

The appellant, John W. Schindele, on May 3, 1973, sustained an accidental injury arising out of and in the course of his employment with one of the appellees, Nu-Car Carriers, Inc. By its order dated December 20, 1974, the Workmen's Compensation Commission directed the appellees, Nu-Car Carriers, Inc. and its insurer, to pay the appellant "compensation for permanent partial disability at the rate of $35.00, payable weekly, beginning May 18, 1974 (the day after termination of temporary total disability previously awarded), not to exceed the sum of $6,125.00 allowable under 'Other Cases' . . ." The award thus amounted to $35.00 per week for 175 weeks.

Approximately one year later, on December 9, 1975, a hearing was held on appellant's petition to reopen, filed a short time prior thereto, to determine the extent, if any, of his increased disability. As a result of the hearing, the Commission, on March 23, 1976, passed an order granting a "Supplemental Award of Compensation". At the time of the supplemental award, the original award of 175 weeks of compensation at $35.00 per week had been paid in full, including a partial lump sum payment of $2,200.00 made on January 16, 1976 at appellant's request and with the Commission's approval.

The March 23, 1976 supplemental award was for a "serious

disability" under Md. Ann. Code Art. 101, § 36 (4a), which then provided (1957 ed., 1964 repl. vol., 1972 cum. supp.):

"(4a) *Same — Serious disability.* — A person who, from one accident, receives an award of compensation for a period of two hundred and fifty (250) weeks or more under subsections (3) or (4) or a combination of both, is thereby considered to have a serious disability; except any award for disfigurement or mutilation under subsection (3) (f) of this section shall not be considered in the determination of a serious disability. The weeks for such award shall be increased by one third (computed to the nearest whole number); and the compensation shall be for sixty-six and two-thirds per centum of the average weekly wages, in no case to exceed sixty-five dollars ($65.00) per week and not less than a minimum of twenty-five dollars per week unless the employee's established weekly wages are less than twenty-five dollars per week at the time of the injury, in which event he shall receive compensation equal to his full wages. This subsection, to the extent of any inconsistency, prevails over subsection [subsections] (3) and (4); but otherwise subsections (3) and (4) apply to persons covered by this subsection, *provided, however, that any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of compensation previously awarded and actually paid."* (Emphasis added.)

The Commission's order of March 23, 1976 reads as follows:

"Hearing was held in the above claim at Hyattsville, Maryland on December 9, 1975 on the claimant's Petition to Reopen on the following issue:

Worsening of condition

The Commission, having granted the claimant's Petition to Reopen, finds that as a result of his

accidental injury on May 3, 1973 the claimant was again temporarily totally disabled from November 30, 1974 to April 18, 1975 inclusive; and finds on the issue presented that the claimant now has a permanent partial disability under 'Other Cases' amounting to 50% industrial loss of use of his body as a result of the injury to his lumbosacral area and neuropsychiatric disability. *The Commission finds that the claimant now has a serious disability pursuant to the provisions of Section 36, Sub-section (4a) of Article 101 and is entitled to 333 weeks less the prior award of 175 weeks at $35.00 per week making a new total of 158 weeks at $65.00 per week not to exceed the sum of $10,270.00 due under this Award, which is in addition to the Order of this Commission dated December 20, 1974.*

It is, therefore, this 23 day of March, 1976, by the Workmen's Compensation Commission ORDERED that Nu-Car Carriers, Inc., employer and Liberty Mutual Insurance Company, insurer, pay unto John W. Schindele, claimant, compensation for additional temporary total disability at the rate of $96.80, payable weekly, beginning November 30, 1974 and ending April 18, 1975 inclusive; and pay compensation for permanent partial disability at the rate of $65.00, *payable weekly, beginning April 19, 1975* not to exceed the sum of $10,270.00 allowable under 'Other Cases' which is in addition to the Order of this Commission dated December 20, 1974; subject to the provisions of the Workmen's Compensation Law of Maryland.

It is further ORDERED that statement of compensation paid be filed with this Commission in due time." (Emphasis added.)

The Commission thus found that the appellant's permanent partial disability had increased to 50% industrial loss of use of his body (compared to the 35% loss cited in the original award of December 20, 1974) and that he was entitled to 333

weeks of compensation at $65.00 per week for the "serious disability", beginning on April 19, 1975. To comply with the limiting proviso at the end of § 36 (4a), the Commission then deducted 175 weeks from the 333 weeks that the appellant would have otherwise received $65.00, resulting in a supplemental award of 158 weeks at $65.00 per week, or $10,270.00.

The appellant appealed to the Circuit Court for Prince George's County. The case was transferred to the Circuit Court for Howard County and by its opinion and order filed July 12, 1978, the court granted the appellees' motion for summary judgment affirming the Commission's order. We affirm the judgment of the circuit court.

The appellant contends that the Commission in applying the limiting proviso contained at the end of § 36 (4a) incorrectly calculated the "amount of compensation previously awarded and actually paid". He argues that because the Commission's supplemental award of March 23, 1976 provided that the weekly payments were to begin as of April 19, 1975, it was error to limit the 333 weeks of compensation by more than 28 weeks. As of April 19th, the appellant had been "actually paid" only $980.00, or 28 weeks of compensation at $35.00 per week under the original award. Appellant concedes that it was proper to deduct this number of weeks (28) from the 333 weeks — but no more. As we have said, the Commission deducted 175 weeks from the 333 weeks, leaving 158 weeks of additional compensation at $65.00 per week to be paid under the supplemental award. The Commission deducted all 175 weeks because at the time of the supplemental award (March 23, 1976), the full "amount of compensation previously awarded" had been "actually paid". We think the Commission was correct. Not to have reduced the 333 weeks of "serious disability" compensation by 175 weeks would have resulted in an increase in the *aggregate* "amount of compensation previously awarded and actually paid" — a result proscribed by the limiting proviso of § 36 (4a).

As written, we think the proviso requires that the date of the second award be the date on which the calculation be made as to what amount of a previous award has been

"actually paid". As we said in *Gordon v. Baltimore Spice Co.,* 17 Md. App. 300, 301 A. 2d 41 (1973): "As a result of the proviso at the end of the section, he [claimant] must suffer a penalty by reason of the fact that his ultimate disability was not established until after his first award was paid." *Id.* at 304. In the case at bar, the appellant's "ultimate disability" was not established until the passage of the Order of March 23, 1976, at which time the full amount of compensation previously awarded had been fully and "actually paid".

In *Maizel v. Maizel & Shapiro Enterprises, Inc.,* 25 Md. App. 1, 332 A. 2d 261 (1975), we held, at 25 Md. App. 6, that:

"... [T]he language of § 36 (4a) is clear, definite, unambiguous and susceptible of only one rational interpretation and that is that when a claimant is granted the right to reopen his claim on the basis that his condition has worsened, the employer-insurer, the employer-self insurer or the Uninsured Employers' Fund, as the case may be, is entitled to a credit for compensation previously paid. *The present law does not provide for a re-adjustment of compensation previously paid.*" (Emphasis added.)

Citing *Maizel, supra,* the appellant alternatively argues that the cut-off date for calculating compensation "previously awarded and actually paid" should be the date of the hearing, equating that date to "when a claimant is granted the right to reopen his claim". Under that interpretation, only the weeks of compensation paid prior to the hearing date would be deducted from the new award regardless of when the new award was actually made. The phrase in *Maizel* relied upon by the appellant does not support appellant's position. The phrase does not establish a particular date by which to measure compensation previously paid. Rather, taken in context, it is a general reference to the availability of "credit" in a situation where as a result of a petition to reopen additional compensation for permanent partial disability is awarded.

We must take the statute as we find it and if inequities

result from its clear and unambiguous meaning, requests for relief therefrom should be addressed to the legislature, not the courts.

*Judgment affirmed.*
*Costs to be paid by the appellant.*