587 A.2d 557

**Mildred G. Marshall NORRIS**

v.

**UNITED CEREBRAL PALSY OF CENTRAL MARYLAND, et al.**

No. 1591, Sept. Term, 1990.

Court of Special Appeals of Maryland.

March 27, 1991.

John Amato IV (Jeffrey T. Weinberg and Goodman, Meagher & Enoch, on the brief), Baltimore, for appellant.

Timothy P. McGough, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Thomas J. Michels, Asst. Atty. Gen., on the brief), Towson, for appellees.

Argued before BISHOP, ROBERT M. BELL, and CATHELL, JJ.

ROBERT M. BELL, Judge.

This expedited appeal by Mildred G. Marshall Norris, appellant, from the judgment of the Circuit Court for Baltimore City granting summary judgment in favor of United Cerebral Palsy of Central Maryland and the State Accident Fund, appellees, presents one issue for our resolution. It is:

Subparagraph 36(3)(a)(iii) of the workers' compensation statute *governing serious disability claims* contains language that "any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of compensation previously awarded and actually paid" [hereinafter called the "cap language"]. Did the trial court err when it applied the cap language to a subparagraph (ii) claim, even though the cap language does not appear in subparagraph (ii), and does not the cap

language apply only to subparagraph (iii) serious disability claims where the language is found? [1]

The parties adopted an agreed statement of the case pursuant to Maryland Rule 8–207. From that agreed statement, we take the following facts, which we deem relevant to the resolution of the issue presented. Appellant sustained an accidental injury arising out of and in the course of her employment with United Cerebral Palsy of Maryland. Pursuant to her application for compensation, the Workers' Compensation Commission ordered that she be paid compensation, at the weekly rate of $56.00 for a period of 50 weeks for permanent partial disability of ten percent industrial loss of the back under "other cases".

When her condition worsened, appellant filed a petition to reopen. The parties having stipulated to an additional six percent industrial loss of the use of her back, the Commission ordered that additional compensation be paid at the weekly rate of $56.00 for a period of 30 weeks. As a result of a letter from appellant's counsel, the Commission entered an amended supplemental award, ordering the payments to be made at the weekly rate of $112.00 for 80 weeks, subject, however, to a credit for the amount previously paid. Appellees' attempt to further amend the Commission's order, to require the payments to be made at the rate of $112.00 per week for only 30 weeks,[2] through use of the same vehicle, *i.e.*, a letter, was refused.

---

**1.** Appellees seek to raise a second issue in the event that they do not prevail on the issues presented by appellant. That issue would challenge the authority of the Commission "to modify a prior award of compensation, which was not appealed and for which no application for modification was made." Appellees did not raise any such issue below and the court, while commenting on the apparent incongruity of such action, did not decide it. *See* Maryland Rule 8–131(a).

**2.** The parties agree that the amount in controversy on this appeal is $2800.00. According to appellant, her entitlement to compensation should have been computed as follows:

Eighty weeks at $112.00 a week minus 50 weeks at $56.00 a week, the amount previously paid, which equals $6160.00.

Aggrieved, appellee appealed to the circuit court. Both parties having filed motions for summary judgment, following a hearing, the court granted appellees' motion and remanded the case to the Commission with instructions that it amend the award to require payments for 30 weeks at $112.00 per week.

Maryland Code Ann. art. 101, § 36(3)(a) provides:

(3) *Permanent Partial Disability–Specific Injuries.*—

(a) In case of disability partial in character but permanent in quality, compensation shall be paid to the employee at the rates enumerated for the periods as follows:

(i) 1. An award of compensation for a period less than 75 weeks in a claim arising from events occurring on or after January 1, 1988 shall be paid at the rate of thirty-three and one-third per centum of the average weekly wages, in no case to exceed $80 per week. An award of compensation for a period less than 75 weeks in a claim arising from events occurring on or after January 1, 1989 shall be paid at a rate of thirty-three and one-third per centum of the average weekly wages, in no case to exceed $82.50 per week.

2. In all cases of disability for loss for a period of less than 75 weeks for an injury enumerated in paragraph (c) of this subsection, the compensation shall be paid at the rate specified in subparagraph (ii) of this paragraph.

3. Public safety employees, as defined in § 67(16) of this article, shall be paid benefits, for an award of compensation for a period less than 75 weeks, at the

---

On the other hand, appellee maintains that the court properly awarded 30 additional weeks at $112.00 per week or $3360.00. It is interesting to note that if one were to add the amount appellant has already received to the amount appellee maintains she is entitled to receive as a result of the worsening of her condition, the total would be $6160.00, the exact amount she would receive, using appellant's computation. Query: Under the circumstances of this case, is there really a controversy?

same rate provided in this paragraph for awards for a period equal to 75 weeks but less than 250 weeks.

(ii) An award of compensation for a period greater than or equal to 75 weeks but less than 250 weeks shall be paid at a rate of sixty-six and two-thirds per centum of the average weekly wages, in no case to exceed thirty-three and one-third per centum of the average weekly wage of the State of Maryland as determined by the Department of Economic and Employment Development.

(iii) An award of compensation from one accident, for a period equal to or greater than 250 weeks as specified in paragraphs (c) through (*l*) inclusive, of this subsection, or combination of awards thereunder, except that an award for disfigurement or mutilation under paragraph (h) of this subsection shall not be considered a determination of serious disability, shall be increased by one-third the number of weeks (computed to the nearest whole number) and the total shall be paid at a rate of sixty-six and two-thirds per centum of the average weekly wages, in no case to exceed seventy-five per centum of the average weekly wage of the State of Maryland as determined by the Department of Economic and Employment Development. This subparagraph, to the extent of any inconsistency, prevails over paragraphs (c) through (*l*) of this subsection; but otherwise paragraphs (c) through (*l*) of this subsection apply to persons covered by this subparagraph. *However, any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of compensation previously awarded and actually paid.* (Emphasis added)

Notwithstanding that the emphasized language appears only in subparagraph (iii), the effect of the trial court's grant of summary judgment in favor of appellee was to apply it to subparagraph (ii) cases as well. It is the propriety of that ruling that is at issue on this appeal.

Appellant does not argue that the emphasized language is ambiguous and, indeed, she cannot. That language is not new; it previously appeared, in almost identical form, in former § 36(4a).[3] In *Maizel v. Maizel & Shapiro Enters., Inc.*, 25 Md.App. 1, 332 A.2d 261 (1975), we addressed its proper construction. We held that it was "clear, definite, unambiguous and susceptible of only one rational interpretation and that is that when a claimant is granted the right to reopen his claim on the basis that his condition has worsened, the employer-insurer, the employer-self insurer or the Uninsured Employers' Fund, as the case may be, is entitled to a credit for compensation previously paid." *Id.*, 25 Md.App. at 6, 332 A.2d 261. *See also Gordon v. Baltimore Spice Company*, 17 Md.App. 300, 304, 301 A.2d 41, *cert. denied*, 269 Md. 755 (1973); *John W. Schindele v. Nu–Car Carriers*, 42 Md.App. 705, 709, 402 A.2d 1307 (1979).

Based upon its location only in subparagraph (iii), appellant argues that this clear and unambiguous language must be limited to those situations involving serious disablity claims. Characterizing the sentence as a "proviso", she relies upon the rule of statutory construction that, "A proviso is to be strictly construed, and should be confined to what precedes it, unless it clearly appears to have been intended to apply to other matters also." *Carter, Webster & Company v. United States*, 143 F. 256 (4th Cir.), *cert. denied*, 202 U.S. 617, 26 S.Ct. 764, 50 L.Ed. 1173 (1906). Appellant also submits that the rule of statutory construction that a qualifying clause is confined, ordinarily, to the immediately preceding words or phrase also applies. *See Employment Security Administration v. Weimer*, 285 Md. 96, 102, 400 A.2d 1101 (1979); *Sullivan v. Dixon*, 280 Md. 444, 451, 373 A.2d 1245 (1977). Thus, she asserts that, since the proviso follows immediately after a reference to

---

**3.** The last sentence of that section was:
 Provided, however, that any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of compensation previously awarded and actually paid.

"persons covered by this subparagraph," and that phrase refers to persons with serious disability claims, the qualifying clause affects only such persons. Furthermore, appellant points out that § 36(3)(a) defines three distinct categories of disability, requiring compensation at prescribed rates. From this, she contends that had the Legislature wished, it could easily have expressed its intention more clearly; if it intended that the final sentence apply to all levels of disability, it could simply have placed the proviso in the prefatory sentence to subsection (3)(a).

Finally, appellant maintains that, even if subparagraph (iii) is ambiguous, she nevertheless should prevail, given the remedial nature of the Workers' Compensation Act. She relies on *Cline v. City of Baltimore*, 13 Md.App. 337, 344, 283 A.2d 188 (1971), *aff'd*, 266 Md. 42, 291 A.2d 464 (1972); *Barnes v. Ezrine Tire Company*, 249 Md. 557, 561, 241 A.2d 392 (1968).

Appellees respond that, in reality, the final sentence of subparagraph (iii) is also the final sentence of paragraph (a) and, as such, applies to petitions to reopen under subparagraph (ii). They rely on the definition of "paragraph" contained in Black's Law Dictionary p. 1266 (rev. 4th ed. 1968):

A part or section of a statute, pleading, affidavit, etc. which contains one article, the sense of which is complete.

*See also* 1991 Maryland Legislative Drafting Manual, § B11.5., Subdivision of Sections, p. 48. To the argument that the placement of the proviso at the end of subparagraph (iii) confines its effect to that subparagraph, appellee offers two answers: (1) had the Legislature intended that the language apply only to cases involving serious disability, it would have used limiting language, such as, "... under this sub-paragraph ..." to express that intent and (2) that the use of the word "any" in the proviso makes manifest the legislature's intention that the proviso apply to the entire paragraph.

The goal of statutory construction "is always to seek out the legislative purpose, the general aim or policy, the ends to be accomplished...." by the statute construed. *Morris v. Prince George's County*, 319 Md. 597, 603–04, 573 A.2d 1346 (1990). *See also Department of Environment v. Showell*, 316 Md. 259, 270, 558 A.2d 391 (1989). The process starts with the language of the statute itself, *Brodsky v. Brodsky*, 319 Md. 92, 98, 570 A.2d 1235 (1990), for "what the Legislature has written in an effort to achieve a goal is a natural ingredient of analysis to determine that goal." *Kaczorowski v. City of Baltimore*, 309 Md. 505, 513, 525 A.2d 628 (1987). While it is not always necessary to go further than an analysis of the statutory language, such language oftimes being sufficiently expressive of the legislative purpose or goal, *Davis v. State*, 319 Md. 56, 61, 570 A.2d 855 (1990), because the "meaning of the plainest language" is affected by its context, *Matter of Diane M.*, 317 Md. 652, 658, 566 A.2d 108 (1989), the court is always free to consider the statutory language within the context in which it appears. *State v. Runge*, 317 Md. 613, 618, 566 A.2d 88 (1989); *Warfield v. State*, 315 Md. 474, 499–500, 554 A.2d 1238 (1989). Moreover, when construing a statute, the court should not resort to subtle or forced interpretations for the purpose of either extending or limiting the operation of the statute. *Mayor and City Council of Baltimore v. Hackley*, 300 Md. 277, 283, 477 A.2d 1174 (1984); *Schweitzer v. Brewer*, 280 Md. 430, 438, 374 A.2d 347 (1977); *Board of Trustees v. Kielczewski*, 77 Md.App. 581, 587–88, 551 A.2d 485, *cert. denied*, 315 Md. 692, 556 A.2d 673 (1989); *Department of Health v. Congoleum Corp.*, 51 Md.App. 257, 264, 443 A.2d 130 (1982).

■ As we have already indicated, the language of the proviso is not at all ambiguous; in fact, it is clear, unambiguous and susceptible of only one meaning. *Maizel*, 25 Md.App. at 7, 332 A.2d 261. When, however, one considers its location, *i.e.*, being placed at the end of subparagraph (iii), an element of ambiguity is introduced, *see Haselrig v. Public Storage, Inc.*, 86 Md.App. 116, 128–129, 585 A.2d

294 (1991), thus raising the legitimate question whether, given the omission of a similar proviso from subparagraph (ii), this "clear and unambiguous" proviso has a reach greater than subparagraph (iii).

 Given the ambiguity of the scope of the proviso, we think it appropriate to apply the rule of statutory construction which requires that the benefit of the doubt be given to the worker. *Cline v. City of Baltimore*, 13 Md.App. 337, 344, 283 A.2d 188 (1971), *aff'd*, 266 Md. 42, 291 A.2d 464 (1972). In *Cline*, the issue was which maximum death benefit applied—that prescribed by the amended statute, which took effect on the day before the decedent's death or that prescribed by the statute in force when he was injured. 13 Md.App. at 335–40, 283 A.2d 188. One of the bases for our holding that it was the former was this rule of construction. *Barnes v. Ezrine Tire Company*, 249 Md. 557, 561, 241 A.2d 392 (1968). We hold that the proviso applies only to subparagraph (iii) and not, as appellees argue, to subparagraph (ii).

 Appellees' argue that the inclusion of the word, "any" in the proviso indicates that the proviso applies to all of paragraph (a). We do not agree. The mere insertion of the word "any" in the proviso suggests nothing more than that "any" reopening under subparagraph (iii) is subject to the proviso; it does not necessarily mean that it applies with respect to the rest of the paragraph. To interpret the proviso to apply to the entire paragraph on the basis that "any" is used, even though the location of the proviso at the end of subparagraph (iii) either suggests otherwise or is neutral on the point, would be to resort to a forced interpretation for the purpose of extending the meaning of the proviso. That we are not inclined to do and, indeed, we are prohibited from doing.

JUDGMENT REVERSED, CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY WITH IN-

STRUCTIONS TO REINSTATE THE JUDGMENT OF THE WORKERS' COMPENSATION COMMISSION.

COSTS TO BE PAID BY APPELLEES.