624 A.2d 526

**STAPLEFORD HALL JOINT VENTURE, et al.**

v.

**Telford HYATT.**

No. 126, Sept. Term, 1992.

Court of Appeals of Maryland.

May 13, 1993.

Michael D. Dobbs, argued and on brief, Gaithersburg (Ward, Klein & Miller, on brief), for appellant.

Jeffrey W. Ochsman, Washington, DC, argued and on brief (Friedlander, Misler, Friedlander, Sloan & Herz, on brief), for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

KARWACKI, Judge.

This appeal provides us with the opportunity to apply Maryland Code (1957, 1985 Repl.Vol. and 1990 Cum.Supp.), Art. 101, § 36(3)(a)(iii) [1] to the case of a claimant who, upon reopening his claim under § 40(b) of the Workers' Compensation article, was awarded additional compensation as a result of a worsening of his condition. With that additional award, the claimant qualified for additional compensation under the "serious disability" provision of § 36(3)(a)(iii). At issue is whether the Commission properly applied the subsection's credit proviso in a case where the initially awarded compensation was paid prior to the reopening of the case.

---

1. This subsection has been repealed and reenacted without substantive change as Md.Code (1991), § 9–630 of the Labor and Employment Article by Chs. 8 and 21 of the Acts of 1991.

## I.

The concept of "serious disability" in our workers' compensation law was created in 1965 when the General Assembly added §§ 36(3a) and 36(4a) to Md.Code (1957, 1964 Repl.Vol.), Art. 101, § 36 to amend:

"the Workmen's Compensation Laws concerning benefits payable to certain persons suffering a permanent partial disability under these laws, in order to create certain new categories of persons having a serious disability, and relating generally to the Workmen's Compensation benefits of, and the conditions under which payable to, persons having a 'serious disability' under the workmen's compensation laws."

Ch. 322, § 1 of the Acts of 1965. *Barnes v. Ezrine Tire Co.*, 249 Md. 557, 241 A.2d 392 (1968); *King Furniture v. Thompson*, 248 Md. 682, 685–86, 238 A.2d 231, 232–33 (1968); *Consolidated Engineering Co. v. Cooper*, 246 Md. 610, 612 n. 1, 228 A.2d 823, 823 n. 1 (1967). The new sections followed the permanent partial disability sections, 36(3) (addressing specific injuries) and 36(4) (addressing "other cases"), respectively, and provided that those claimants whose awards reached a statutorily defined period of weeks were entitled to additional compensation for "serious disability". § 36(3a) provided in part:

"A person who receives under Subsection (3) of this section an award for a period of one hundred and seventy-five weeks or more is thereby considered to have a serious disability. He automatically shall be entitled to (in addition to the award under Subsection (3)) an extra award of a number of weeks equal to one-third (computed to the nearest whole number) of the number of weeks awarded under Subsection (3); and the award of compensation to him in no case shall exceed forty dollars per week; and as to him the maximum limitation of $12,500 shall not apply.... provided, however, that any additional compensation for permanent partial disability on a peti-

tion to reopen shall not increase the amount of compensation previously awarded and paid."

*Id.* § 36(4a) provided:

"A person who receives under Subsection (4) of this section an award equal in total to forty per centum or more of $12,500 is thereby considered to have a serious disability. He automatically shall be entitled to (in addition to the award under Subsection (4)) an extra award of a number of weeks equal to one-third (computed to the nearest whole number) of the number of weeks awarded under Subsection (4); and the award of compensation to him in no case shall exceed forty dollars per week; and as to him the maximum limitation of $12,500 shall not apply.... provided, however, that any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of compensation previously awarded and paid."

*Id.*

In 1970, the General Assembly repealed §§ 36(3a) and 36(4a) and enacted § 36(4A), which addressed in one section serious disability compensation, increasing the eligibility for serious disability classification to 250 weeks of awarded compensation and increasing the maximum amount recoverable from $40.00 to $65.00 per week. Ch. 446, § 1 of the Acts of 1970. The new section provided in part:

"Serious Disability.—A person who, from one accident, receives an award of compensation for a period of two hundred and fifty (250) weeks or more under subsections (3) or (4) or a combination of both, is thereby considered to have a Serious Disability.... The weeks for such award shall be increased by one-third (computed to the nearest whole number); and the compensation shall be for sixty-six and two-thirds per centum of the average weekly wages, in no case to exceed Sixty-five dollars ($65.00) per week and not less than a minimum of twenty-five dollars per week unless the employee's established weekly wages are less than twenty-five dollars per week at the time of the injury, in which event he shall receive

compensation equal to his full wages.... Provided however, that any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of compensation previously awarded and actually paid."

*Id.*

In 1975, § 36(4A) was amended. The maximum weekly award was repealed and replaced with a formula based on two-thirds of the average weekly wage as determined by the State Department of Employment Security. In addition, the minimum weekly benefit was increased from $25.00 to $50.00. Ch. 639 of the Acts of 1975.

In 1988, the General Assembly repealed § 36(4A) and in its place enacted § 36(3)(a)(iii) which provides in part:

"An award of compensation, from one accident, for a period equal to or greater than 250 weeks as specified in paragraphs (c) through (*l*), inclusive, of this subsection, or any combination of awards thereunder, except that an award for disfigurement or mutilation under paragraph (h) of this subsection shall not be considered a determination of serious disability, shall be increased by one-third the number of weeks (computed to the nearest whole number) and the total shall be paid at a rate of sixty-six and two-thirds per centum of the average weekly wages, in no case to exceed seventy-five per centum of the average weekly wage of the State of Maryland as determined by the Department of Employment and Training.... However, any additional compensation for permanent partial disability on a petition to reopen shall not increase the amount of compensation previously awarded and actually paid."

Ch. 591, § 2 of the Acts of 1988.

The credit proviso found at the end of the subsection stating, that any additional compensation awarded upon reopening shall not increase the amount of compensation previously awarded and actually paid, has been present in the Maryland "serious disability" statute since its introduc-

tion in 1965. While this Court has never had the opportunity to interpret the provision where an award of serious disability has been made subsequent to the payment of compensation previously awarded, its application under those circumstances has been addressed by the Court of Special Appeals.

In *Gordon v. Baltimore Spice Company,* 17 Md.App. 300, 301 A.2d 41, *cert. denied,* 269 Md. 755 (1973), the court interpreted the credit proviso as it appeared in Md.Code (1957, 1964 Repl.Vol. and 1968 Cum.Supp.), Art. 101, § 36(4a). In that case, an employee who had sustained an accidental injury to his back was initially awarded compensation for a 25% industrial loss of the use of his back, which under the "other cases" provisions § 36(4) entitled him to compensation at $25.00 per week for 125 weeks. After that award was paid in full, his condition worsened. The case was reopened and the Commission found he now had 45 percent industrial loss of the use of his body as a result of the injury to his back. The Commission awarded him 225 weeks of compensation and added 75 weeks pursuant to the "serious disability" provision thus entitling him to 300 weeks of compensation. The Commission credited to the employer-insurer the original 125 weeks of compensation already paid in full leaving him with a balance of 175 weeks at the "serious disability" rate of $40.00 per week. On their appeal to the Superior Court for Baltimore City, the employer and insurer filed a motion for summary judgment, arguing that after establishing the revised award on reopening, the Commission should have deducted the weeks of compensation already paid before calculating the increase of one-third weeks for the "serious disability" designation. The Superior Court agreed.

The Court of Special Appeals reversed, explaining:

"In the earlier part of the section the statute draws a distinction between the extra award of the number of weeks and an extra award in the amount of weekly compensation. It seems reasonable that when the legislature used the word compensation at the end of the statute

to limit the increase of the award that it would be presumed to use the word in the same sense in which it had used it immediately above, i.e., referring specifically to the amount payable per week rather than as a limitation on the number of weeks....

\* \* \* \* \* \*

"If at the original hearing, the claimant in this case had been awarded a 45% disability, he would have received compensation at the rate of $40 a week for 300 weeks for a total of $12,000. As a result of the proviso at the end of the section, he must suffer a penalty by reason of the fact that his ultimate disability was not established until after his first award was paid. We can see no reason why the number of weeks of compensation should be reduced as well as the amount of weekly payments."

*Id.* 17 Md.App. at 304, 301 A.2d at 43.

The court relied in part on Maurice J. Pressman, *Workmen's Compensation in Maryland*, § 5–3(12)(h) (1972 Supp.), where the author discussed the treatment of the section in the Maryland trial courts and by the Workers' Compensation Commission:

"There is a diversity of opinion among the members of the Commission and the nisi prius Courts throughout the State as to the method of calculating the additional number of weeks which added to a previous award on a petition to reopen changes the disability to a Serious Disability. For instance, if an injured employee had been awarded a 20% permanent partial disability, or 100 weeks at $25.00 a week, under "Other Cases," Section 36(4), and subsequently, on a *petition to reopen* to show an increased disability, the disability is increased to 40%, the claimant became entitled to compensation for a Serious Disability (before 1970), of 200 weeks plus an additional one-third number of weeks. Claimants contend that they are entitled to an additional one-third *of the 200 weeks*, or an extra 67 weeks, making a total of 267 weeks, from which should be subtracted the 100 weeks previously awarded *and paid,* leaving 167 weeks payable at $40.00 a

week. This method of computation had been upheld ...
[by] several nisi prius Courts. As this class of disability
was created and innovated in Maryland in 1965 to allow a
*more adequate award* to injured employees whose dis-
ability is considered to be serious, and the law contem-
plates that the 'higher element or measure of damage'
should be allowed a claimant, it would appear that the
fairest method of computing the additional one-third num-
ber of weeks is that adopted in the aforegoing nisi prius
rulings. A guide, using this plan of calculation, was
prepared after the enactment of this legislation, by the
Hon. Daniel T. Doherty, the Chairman of the Commission,
but was apparently not followed by all of the Commis-
sioners."

*Id.* at 130–31. (citations omitted) (emphasis in original).

In *Maizel v. Maizel & Shapiro Enter.*, 25 Md.App. 1, 332
A.2d 261, *cert. denied,* 275 Md. 753 (1975), the court again
applied Md.Code (1957, 1964 Repl.Vol. and 1969 Cum.Supp.),
Article 101 § 36(4a). Maizel had been injured in the course
of his employment, was found to have 35 percent permanent
partial disability of his back under "other cases", and was
awarded compensation at $25.00 per week for 80 weeks.
His condition worsened and he petitioned to reopen his case.
He was subsequently awarded $40 per week (the "serious
disability" rate) for 300 weeks based on a .45 percent disabil-
ity. The award was subject to a credit of 80 weeks for
compensation paid. On appeal to the Circuit Court for
Prince George's County, the claimant argued that he was
entitled to the difference between the first and second
weekly wage rate awards multiplied by the number of
credited weeks of compensation. He further argued that
the provision as applied was violative of the Equal Protec-
tion clause of the Fourteenth Amendment and, if constitu-
tional, the provision was misapplied. The circuit court
rejected the constitutional claim and upheld the Commis-
sion's calculation of the award. The Court of Special Ap-
peals affirmed. Speaking for the court, the late Chief
Judge Richard P. Gilbert stated

"Maizel's argument with respect to this contention appears to us to have been answered by this Court in *Gordon v. Baltimore Spice Company....* We held, implicitly, that the Commission correctly allowed a credit against its supplemental award for compensation previously paid....

\* \* \* \* \* \*

"Presuming the constitutionality of § 36(4a), ... we hold that the language of § 36(4a) is clear, definite, unambiguous and susceptible of only one rational interpretation and that is that when a claimant is granted the right to reopen his claim on the basis that his condition has worsened, the employer-insurer ... is entitled to a credit for compensation previously paid. The present law does not provide for a re-adjustment of compensation previously paid."

*Id.* 25 Md.App. at 6, 332 A.2d at 264 (citations omitted).

In *Schindele v. Nu–Car Carriers, Inc.,* 42 Md.App. 705, 402 A.2d 1307 (1979), the issue was whether the credit proviso in Md.Code (1957, 1964 Repl.Vol. and 1972 Cum. Supp.), Article 101, § 36(4a) addressed the total amount of compensation paid up to the time of the supplemental award or the compensation paid from the date the Commission designated as the starting point of the supplemental award. In that case, it was the difference between crediting 175 weeks of compensation actually paid or crediting only 28 weeks of compensation paid because the starting date of the new award was made retroactive. The Workers' Compensation Commission adopted the former view. The case reached the intermediate appellate court on an appeal from the Circuit Court for Howard County which agreed with the Commission. The Court of Special Appeals affirmed, holding "[a]s written, we think the proviso requires that the date of the second award be the date on which the calculation be made as to what amount of a previous award has been 'actually paid'." *Id.* at 709–10, 402 A.2d at 1309.

More recently, Richard P. Gilbert and Robert L. Humphries in their treatise, *Maryland Workers' Compensation Handbook* § 9.4–4 (1988), commented:

"The Act allows a claimant to petition for reopening because of a worsening condition. If, for instance, an injured scheduled member receives later impairment from a traumatic arthritic condition, a reopening would be appropriate. When the condition of an injured employee deteriorates to the point where he qualifies for a serious disability award, he may petition the Commission to have his case reopened to obtain additional compensation. In other words, if an employee has been awarded compensation for less than 250 weeks and his condition worsens so that he is entitled to 250 weeks or more, he may ask the Commission to consider granting him an award for "serious disability." Since the Commission is prohibited from increasing compensation previously awarded and actually paid, the worker may receive compensation at the serious disability rate for only those weeks unpaid as of the date of the second award."

*Id.* at 204–05.

The position of the Court of Special Appeals and the Maryland commentators can be summarized as follows: when upon reopening the case the Commission awards sufficient weeks of compensation to satisfy the "serious disability" threshold, the claimant is entitled to an additional one-third weeks of compensation at the "serious disability" weekly rate; the award of compensation, however, is subject to a credit for all weeks of compensation under the weekly rate paid prior to the date of the award of "serious disability" benefits.

## II.

On April 22, 1985, Telford Hyatt, while in the course of his employment as a carpenter, fell some 15 feet from a scaffold injuring both ankles and feet. Hyatt sought medical care for his injuries and filed a claim with the Workers' Compensation Commission against his employer and its

insurer ("the appellants"). A hearing was held on October 30, 1987 before Commissioner J. Max Millstone. Commissioner Millstone found that Hyatt had sustained a permanent partial disability under "other cases", amounting to 35 percent industrial loss of use of his body. In a December 4, 1987 award, the appellants were ordered to pay Hyatt 175 weeks of compensation at the rate of $109 per week.

In the period following the issuance of that award, Hyatt was unable to return to carpentry work. His condition worsened, and he underwent exploratory surgery to one of his feet. The surgery failed to improve the condition. Instead, his condition continued to worsen and planned surgery on his other foot was cancelled. He petitioned the Workers' Compensation Commission to reopen his claim to consider his worsening condition. A hearing was held on July 22, 1991, before Commissioner Robert S. Redding. On August 28, 1991, Commissioner Redding issued an order, finding that Hyatt then suffered a permanent partial disability under "other cases" amounting to 50 percent industrial loss of use of his body as a result of the worsening of his condition. Commissioner Redding further found that pursuant to Md.Code (1957, 1985 Repl.Vol. and 1990 Cum. Supp.), Article 101, § 36(3)(a)(iii), Hyatt now had a serious disability and was entitled to 250 weeks of compensation, plus an additional one-third weeks, or a total of 333 weeks, subject to a credit for the 175 weeks of compensation paid under the December 4, 1987 order. Accordingly, appellants were ordered to pay a balance of 158 weeks of compensation at the "serious disability" rate of $218 per week.

Stapleford Hall Joint Venture and its insurer appealed to challenge the Commission's calculation of benefits due Hyatt. The circuit court affirmed the Commission's order. The employer and insurer then appealed to the Court of Special Appeals, but prior to consideration of the case by the intermediate appellate court, we issued our writ of certiorari.

In this Court, the appellants argue, as they did before the Commission and the circuit court, that the Commission

erred when it applied the one-third "serious disability" multiplier to benefits previously awarded and actually paid. Relying on the credit provision's mandate that "a petition to reopen shall not increase the amount of compensation previously awarded and actually paid," the appellants conclude:

"In order to arrive at the total of 333 weeks the Commission increased not only the new award of 15% (75 weeks) by one-third (25 weeks) but also the *prior* award of 35% (175 weeks) by an additional one-third (58 weeks)."

The appellee urges that we affirm the circuit court based upon the decisions of the Court of Special Appeals discussed in Part II, *supra.*

### III.

In applying Art. 101, § 36(3)(a)(iii) to the facts of the instant case, we utilize well-settled precepts in our effort to accomplish what the Legislature intended.

"Again and again, we have said that the cardinal rule of statutory construction is to ascertain and effectuate the legislative intention. While the language of the statute is the primary source for determining legislative intent, the plain meaning rule is not absolute. Rather, the statute is to be construed reasonably with reference to the purpose, aim, or policies of the Legislature reflected in the statute. Words in a statute must, therefore, be read in a way that advances the legislative policy involved."

*Taxiera v. Malkus,* 320 Md. 471, 480, 578 A.2d 761, 765 (1990) (citations omitted). In explaining the extent we will search for legislative purpose, we said in *Kaczorowski v. City of Baltimore,* 309 Md. 505, 525 A.2d 628 (1987):

"When we pursue the context of statutory language, we are not limited to the words of the statute as they are printed in the Annotated Code. We may and often must consider other 'external manifestations' or 'persuasive evidence,' including a bill's title and function paragraphs, amendments that occurred as it passed through the legis-

lature, its relationship to earlier and subsequent legislation, and other material that fairly bears on the fundamental issue of legislative purpose or goal, which becomes the context with which we read the particular language before us in a given case."

*Id.* at 514–15, 525 A.2d at 632–33 (citations omitted).

■ When the General Assembly introduced "serious disability" benefits into our workers' compensation law, it expressed its purpose in the preamble to Ch. 322, § 1 of the Acts of 1965 "to create certain new categories of persons having a serious disability." We recognized this intention in *King Furniture v. Thompson*, 248 Md. at 686–89, 238 A.2d at 233–35 and in *Consolidated Eng. Co. v. Cooper*, 246 Md. at 615, 228 A.2d at 825. As serious disability is governed by § 36(3)(a)(iii), the plain language of the statute reveals that a claimant can meet the threshold requirement of being entitled to 250 weeks of compensation for permanent partial disability arising from an accident by one award from the Workers' Compensation Commission or as a result of an accumulation of awards of the Commission after the reopening of the worker's claim. In the first instance, should the initial award be for compensation for a permanent partial disability for a period of 250 weeks, the award would be increased by one-third the number of weeks (83 weeks), and the claimant would be entitled to compensation at the serious disability rate for 333 weeks. We so held in the analogous situation presented in *Consolidated Eng. Co. v. Cooper, supra.* We perceive no reason why a claimant who qualifies for entitlement to serious disability benefits by aggregate awards, reflecting a worsening of his condition following an initial award, should be treated less favorably. The legislative recognition of greater responsibility on the part of the employer for an injury which results in "serious disability" expressly does not depend on whether that plateau is reached immediately after the worker's injury or whether it is reached as the result of the originally assessed disability worsening and being reassessed on a reopening of the worker's original claim.

**402**

■ For these reasons we approve the holding of the Court of Special Appeals in *Gordon v. Baltimore Spice Company, supra.* Accordingly, we hold that the calculation of the "serious disability" benefits due a claimant after the worsening of condition has been determined on a reopening of his or her claim should be as follows. The number of weeks of compensation paid and payable under the revised disability assessment should be augmented by one-third, that number of weeks should be reduced by the weeks of compensation actually paid to the claimant under any previous order of the Commission, and the balance of weeks of compensation should be awarded to the claimant at the "serious disability" rate.

*JUDGMENT AFFIRMED, WITH COSTS.*